## Case No. 4,747.

FERRETT et al. v. ATWILL.

[1 Blatchf. 151;[1] 4 N. Y. Leg. Obs. 215, 294.]

Circuit Court, S. D. New York. April Term, 1846.

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

Samuel Sherwood and Randolph W. Townsend, for plaintiffs.

Marshall S. Bidwell and Samuel Owen, for defendant.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. The decision of the court in this case being limited to two points, we do not consider it proper to discuss the other questions involved in the pleadings, and argued at length by the counsel; and our judgment being peremptory against the action, an attempt now to settle the other points presented by the case, will not, as if an amendment were allowed, tend to abridge litigation or to aid the parties in the disposition of the cause.

The declaration contains two counts, each of which demands a distinct penalty of $100. The first count charges that the defendant, on the first of July, 1845, at New-York, published a musical composition, called "Alethia Waltz," and falsely inserted therein and impressed upon the face thereof, the words: "Entered according to act of congress, &c.," without having at the time legally acquired the copy-right of the said musical composition. The second count alleges that the defendant, at the time and place aforesaid, published a volume of music, called "Alethia Waltz," and falsely inserted therein and impressed upon the title thereof, the words: "Entered according to act of congress, &c.," without having at the time legally acquired the copy-right of the said volume of music.

The defendant demurs to the declaration, and, in connection with the general demurrer, assigns various causes of demurrer, only one of which is passed upon by the court; to wit, that the action is brought by two persons jointly, for themselves and the United States of America. Some exceptions were taken to the sufficiency in form of the special demurrer, but we do not regard the question as material, the objection to the declaration being good on general demurrer; because the right of action, if any, is under the statute, and the declaration must show that the party suing is competent to maintain the suit. Almy v. Harris, 5 Johns. 175. The decision, accordingly, rests upon this, that the act of congress does not authorize an action in the name of several persons and the United States, for the recovery of the penalties incurred by its violation.

The provisions governing the question are contained in the eleventh section of the act, which enacts, "that, if any person or persons, from and after the passing of this act, shall print or publish any book, map, chart, musical composition, print, cut, or engraving, not having legally acquired the copy-right thereof, and shall insert or impress that the same hath been entered according to act of congress, or words purporting the same, every person so offending shall forfeit and pay one hundred dollars; one moiety thereof to the person who shall sue for the same, and the other to the use of the United States, to be recovered by action of debt, in any court of record having cognizance thereof."

In actions directly upon a statute, or on rights derived from a statute, the party prosecuting must allege, and consequently prove, every fact necessary to make out his title to the thing demanded, and his competency to sue for it. Com. Dig. "Action on Stat." A 1–3, and "Pleader," c. 76. An informer cannot support an action unless there be an express provision in the statute enabling him to sue. Rex v. Malland, 2 Strange, 828; Fleming v. Bailey, 5 East, 313. And, if

the statute creating the penalty, and bestowing it upon the informer, does not give the mode of proceeding, he is bound to set forth the special matter upon which the right of action arises, and allege and prove in what way the penalty vests in him. Cole v. Smith, 4 Johns. 193; Bigelow v. Johnson, 13 Johns. 428; Smith v. Merwin, 15 Wend. 184; Fairbanks v. Antrim, 2 N. H. 105; Ellis v. Hull, 2 Aiken, 41. The doctrine in effect is applicable to actions founded upon statutes other than for penalties; for, when a statute is made to remedy any mischief or grievance, or to bestow any interest or right upon an individual, the mode of remedy, when one is designated by it, must be exactly followed. Stowell v. Flagg, 11 Mass. 364; Stevens v. Proprietors of Middlesex Canal, 12 Mass. 466. And, if the form of remedy is not pointed out, and the law supplies one by implication, the plaintiff must aver and prove every fact necessary to show the existence of the right in him under the statute. Bigelow v. Cambridge & C. Turnpike Co., 7 Mass. 202; Bigelow v. Johnson, 13 Johns. 428. We think, under these well established rules of law, that the two plaintiffs prosecuting this action do not come within and satisfy the provisions of the statute giving the penalty "to the person who shall sue for the same."

There is a manifest distinction between giving a penalty to a common informer, and imposing one for the benefit of the person aggrieved by the violation of the statute. In the latter case the term "person" might justly be regarded as comprehending every one affected by the injury; because, the design of such enactment must be to give a remedy co-extensive with the mischief or grievance provided against. This consideration has no relation to positive penalties established as sanctions of the law, and not intended to recompense individuals because of their particular injuries.

The language of the statute is to be particularly adhered to in the construction of penal laws, and, when it has a natural and plain meaning, an artificial or forced one is not to be adopted. 1 Bl. Comm. 88; Dwar. St. 707, 711; Van Valkenburgh v. Torrey, 7 Cow. 252. Courts will not give an equitable construction to a penal law, even for the purpose of embracing cases clearly within the mischief intended to be remedied. U. S. v. Sheldon, 2 Wheat. [15 U. S.] 119; Myers v. Foster, 6 Cow. 567; Daggett v. State, 4 Conn. 61. They sedulously limit the action of penal statutes to the precise cases described in them, and reject an interpretation tending to comprehend matters not named by the legislature, although analogous. The authorities cited are explicit to this point, and are in unison with numerous others, English and American. Cone v. Bowles, 1 Salk. 205; Reniger v. Fogossa, 1 Plowd. 17; Fleming v. Bailey, 5 East. 313.

The privilege of claiming or enforcing a penalty is one of statutory appointment, and must be construed with like strictness. In an action by husband and wife against executors, to recover a penalty imposed by statute for not proving a will within a fixed period, one-half of the penalty being given to the plaintiff and the other to the legatees, and the wife being a legatee, it was held by the supreme court of Massachusetts, that the suit could not be maintained in the name of husband and wife, the action being a popular one, and there being no joint interest in the verdict. Hill v. Davis, 4 Mass. 137. The doctrine was still more fully and explicitly declared in a later case in that court, in which it was held that several persons could not unite in a qui tam action as informers, the right to sue in such case resting upon the express provisions of the statute. Vinton v. Welsh, 9 Pick. 87. When the penalty is given to "any person or persons," a corporation aggregate cannot sue for it. 1 Kyd, Corp. 218; Weavers' Co. v. Forrest, 2 Strange, marg. p. 1241. Hammond, in his treatise on Parties (48), says: "It seems two cannot join as common informers in a penal action, unless specially allowed by statute."

The plain language and sense of the statute under consideration, restrict the right of action to a single person; and we should not be disposed, on general principles, to enlarge its operation, so as to encourage associations of individuals in instituting and conducting penal actions, the nature of those actions in our opinion exacting a rigorous adherence to the terms of the law.

Judgment is accordingly rendered in this case for the demurrant, with costs; and the same judgment is rendered in the ten other suits between the same parties on like pleadings.

In taxing the defendant's costs on the demurrers in the eleven cases, several questions arose. The costs were taxed by the clerk. There were eleven bills of costs all alike. 1. There were two sets of charges in each bill for putting in special bail, the bail first put in not having justified. 2. Each bill contained charges for a rule to declare, and for services in obtaining security for costs, the attorneys in each suit being the same, and there being but one rule in each matter, and but one set of papers, in which the titles of all the causes were included. 3. Each contained a charge for perusing demurrer by counsel. 4. Each contained a charge for a rule to join in demurrer, there being a separate rule in each suit. 5. Each contained charges for five demurrer books, and for brief and points, and for attorney and counsel fees on argument, there having been but one argument in fact for all the cases. The plaintiffs appealed to the court from the taxation as to the above items.

NELSON, Circuit Justice. 1. The second set of charges for putting in special bail

should have been stricken out, because they were incurred by the neglect of the defendant in not causing the bail first put in to justify, and for his own benefit. 2. The defendant's attorney is not entitled to a separate charge in each suit for the services embraced in this item. The settled practice is against the allowance. Jackson v. Keller, 18 Johns. 310; Schermerhorn v. Noble, 1 Denio, 6S2. 3. This item is taxable in each suit. Rule 27, Cir. Ct. U. S. 4. It is urged that this item is distinguishable from the second, because there was a separate rule in each suit. But the principle is the same, and has been so held since the case of Jackson v. Clark, 4 Cow. 532. There can be but one charge for the service, as respects attorney's fees. 5. The demurrer books, and brief and points, are taxable in each case, if they were actually made out in each at the time of the argument. The fact must be shown to the taxing officer, if objection be made to the charge. Attorney and counsel fees on argument are taxable in each case.