PENTLARGE *v.* KIRBY. (Three Cases.)

PENTLARGE, for Himself, and the United States, *v.* KIRBY BUNG MANUF'G CO. (Three Cases.)

*(District Court, S. D. New York.   January 31, 1884.)*

1. PATENTS—FALSE STAMPING—REV. ST. §§ 4901, 732—PENALTY.
    Section 4901, Rev. St., imposing a penalty for false marking upon articles the word "patented" with intent to deceive the public, as a penal statute, is to be strictly construed It makes penal only the act of stamping. Taking the stamped articles into another district with the intent to sell them is neither prohibited nor made penal, and cannot be construed, as in cases of larceny, as a repetition or continuance of the act of stamping in the district to which the articles are removed.

2. SAME—STATUTE CREATING NEW OFFENSE—CONSTRUCTION.
    Where a statute creates a new offense and at the same time prescribes a particular and limited remedy, all different or other remedies than those prescribed are to be deemed excluded.

3. SAME—RECOVERY OF PENALTY—ACTION, WHERE BROUGHT.
    As section 4901 declares that the penalty is "to be recovered by suit in any district of the United States within whose jurisdiction such offense may have been committed," *held* that no suit for such penalty can be maintained except

in the district where the act of stamping was committed, and that the general provision of section 732, that suits for penalties and forfeitures may be brought wherever the defendant may be found, does not apply to suits under section 4901.

4. SAME—COMPLAINT—DEMURRER.

In a suit to recover 10 penalties of $100 each for falsely stamping certain wooden vent bungs with the words "Pat. Nov. 28, 1882," the complaint charged that the articles were so stamped in Cincinnati with intent to bring them to New York for sale; that they were so brought and exposed for sale; and that the defendant continued and thereby repeated and renewed said false stamping, etc. *Held*, on demurrer, that the suit could not be maintained in this district, but only in the district where the articles were actually stamped.

Demurrer to Complaint.

*Brodhead, King & Voorhees,* for plaintiffs.

*Edward Fitch,* for defendant.

BROWN, J. These six actions were brought to recover 10 penalties of $100 in each of the six suits, under section 4901 of the Revised Statutes, for falsely stamping upon certain unpatented wooden vent bungs the words "Pat. Nov. 28, 1882," with intent to deceive the public. The section above referred to imposes upon every person "who in any manner marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, a penalty of $100 for each article so stamped; one-half of said penalty to the use of the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed." In the original complaint it did not appear clearly where the act of stamping was done, and on motion of the defendant, the plaintiff was required to make the complaint more definite and certain in that particular. The amended complaint, accordingly, states as follows:

"That the above-named defendant, at Cincinnati, in the state of Ohio, or other place without the state of New York, or without the Southern district thereof, on or about the fifteenth day of September, 1883, falsely stamped and procured to be stamped upon and affixed to ten certain unpatented articles hereinafter described the words 'Pat. Nov. 28, 1882;' and thereupon said defendant brought, and caused to be brought, said ten unpatented articles to the city of New York, within this district, and then and there, with intent to deceive the public, continued and thereby repeated and renewed said false stamps, and thereby falsely stamped said articles at said city, all for the purpose of exposing said articles, and putting the same upon the market at said city, and inducing the public at said city to understand and believe the said articles were patented, whereas they were unpatented articles."

To the amended complaint in each of the six actions the defendant has demurred for want of jurisdiction, and that no cause of action is stated.

The statements in the complaint above quoted, to the effect that the defendant, at the city of New York, "continued and *thereby* repeated and renewed said false stamps, and *thereby* falsely stamped said articles at said city," etc., are plainly not averments of any real act of

stamping or affixing the marks referred to, within this district, but only a statement of such legal effect as the plaintiff claims to result from the previous act of stamping the articles at Cincinnati, or other place without the state of New York, with the intention of bringing them here for sale so stamped. The only act of stamping averred is plainly at Cincinnati, or other place without this district. The question to be determined, therefore, is, whether when the stamping is done without the district, with the intent to bring the stamped articles within this district and there sell them in fraud of the public, and such articles are accordingly brought here and offered for sale, any offense is committed under section 4901, for which a penalty can be recovered in this district.

The statute in question, though a public statute and designed to prevent impositions upon the community, is, nevertheless, a highly penal one. The articles stamped may be of comparatively little value; yet a penalty of $100 is fixed for the stamping of each. In these suits $6,000 are claimed as penalties. One half of any recovery in such suits may go to whomsoever it may please to sue, though the plaintiff have no special interest in the subject, and may not have sustained any actual injury. It is an action *qui tam* for the use of the informed and the government. Such penal statutes are always construed strictly; that is, they are not to be extended to acts which do not clearly come within the plain meaning and ordinary acceptation of the words used. The offense, being created by statute, does not extend, and cannot in such cases be construed by the courts as extending, beyond the fair meaning of the language employed in designating the offense. *Ferrett* v. *Atwill*, 1 Blatchf. 151, 156.

The offense under the third subdivision of section 4901 is clearly the act of marking upon or affixing to any unpatented article the word "patent," or any word importing that the same is patented, for the purpose of deceiving the public. The intent to deceive must accompany the act; but the act which is made penal is affixing the mark or stamp, and nothing else. The acts in this case, with the accompanying unlawful intent, were wholly completed at Cincinnati, or other place without this district. The statuatory offense being therefore complete before the articles were brought into this district, the proscribed penalties could clearly have been recovered under the last clause of the statute within the district where it was thus committed.

The plaintiff, while admitting that the defendant was liable to suit within the district where the articles were in fact stamped, contends that, because the articles are brought within this district and offered for sale here pursuant to the original intention, the plaintiff may also sue for the penalties here—*First*, because the offense, as it is claimed, is a continuous one, and is in effect repeated and continued within the district where the articles are brought; and, *second*, because by section 732 of the Revised Statutes it is provided that "all pecuniary

penalties and forfeitures may be sued for and recovered either in the district where they accrue or in the district where the offender is found."

1. I cannot sustain the contention that any offense under section 4901 is "committed," or "repeated," within this district, in consequence of the articles being brought here, and exposed for sale in pursuance of the original intention. The statute has not made penal the act of offering such falsely stamped articles for sale, or the act of bringing them from one district to another with such intention. Had the articles been thus stamped in Canada with the intention of bringing them here for sale, and had they then been brought here, and put on the market, no offense would have been committed under this statute, because the prohibited act would have been done without our jurisdiction, and the acts of bringing the articles into the country, and offering them for sale already falsely stamped, cannot possibly be brought within the prohibitory language of the statute. Had it been the object of congress to make penal the exposure of such articles for sale, it must be presumed that appropriate words to indicate that intention would have been used. Under the rule of construction above referred to, the language of the statute cannot be thus extended merely because the statute may be easily evaded, or because the same mischief may be done by means of other acts not prohibited, and which cannot possibly be brought within the fair meaning of the statuatory terms. The language of MARSHALL, C. J., in the case of *U. S.* v. *Wiltberger*, 5 Wheat. 96, is specially applicable here: "The case," he says, "must be a strong one indeed which would justify a court in departing from the plain meaning of the words, especially in a penal act, in search of an intention which the words themselves did not suggest. To determine that a case is within the intention of a statute, its language must authorize us to say so. It would be dangerous indeed to carry the principle that a case which is within the reason or mischief of a statute, is within its provisions so far as to punish a crime not enumerated in the statute, because it is of equal atrocity or of kindred character with those which are enumerated. *Ferrett* v. *Atwill*, 1 Blatchf. 151–156. See, also, *The Saratoga*, 9 FED. REP. 322 –325; *U. S.* v. *Temple*, 105 U. S. 97; *U. S.* v. *Graham*, 3 Sup. Ct. Rep. 583; *Ruggles* v. *State*, 2 Sup. Ct. Rep. 832–838; *French* v. *Foley*, 11 FED. REP. 801–804, and cases there cited.

The analogy afforded by indictments for larceny, which may be brought in any county wherein the thief is found with the goods, is not applicable here. The reason of that rule is that the legal owner's right to his goods is not changed by the theft; every moment of the thief's possession of the goods is a continuation of the original trespass, theft, or felony, amounting to a new asportation and abstraction. 1 Russ. Cr. 173. In its nature it is a continuous felonious appropriation of another man's property. But the crime of burglary, which includes the felonious entry of the particular *locus in quo*,

as an ingredient in that offense, must, at common law, be prosecuted in the county where the entry was committed; so, in the case of robbery, it is only by statute that an indictment can be brought in another county. 1 Hale, P. C. 536; *Haskins* v. *People,* 16 N. Y. 344, where the authorities are reviewed. In the present case, the offense is purely a statutory one, and consists solely in affixing certain marks or stamps with intent to deceive the public. The offense may be complete and the penalty incurred, though the articles are, in fact, never offered for sale or known to the public. The intent to deceive is doubtless continuous where the articles are offered to the public; but it is not that intent which is made penal, but the act of stamping when accompanied by that intent. Here that act was completed, and the "offense," therefore, wholly "committed" without this district. There was no act of marking or stamping within this district. No act prohibited by the statute was committed here. Bringing the falsely-stamped articles here, though in pursuance of the original intention, cannot, by any stretch of language, become an act of marking within this district, and hence the "offense" was not "committed" here.

2. There are, doubtless, strong grounds for permitting such actions to be brought, under the provisions of section 732 above quoted, in districts other than that where the offense was committed, if that can be allowed consistently with the established rules of statutory construction. For if after falsely stamping such unpatented articles the offender, on immediately leaving the district, cannot be prosecuted elsewhere, it will plainly be very easy in many cases to evade the statute altogether. If, on the other hand, the defendant is liable to be sued for such penalties under section 732 in any one of all the districts in the country where he may at any time happen to be found, great embarrassments in such suits might often arise. Controversies under this section, so far as they have come under my own observation, have sprung mostly out of *bona fide* differences in regard to the character of the articles, whether embraced within certain patents or not, and controversies as to the date of the patentee's rights. The requirement, also, of the statute, making the intention to deceive the public material, may demand examination of numerous witnesses at the place where the acts were done; and these various considerations might constitute possibly a sufficient reason for limiting the prosecution of offenses so highly penal to the district where they were in fact committed.

The language of section 4901 is not, in its reading, merely permissive. It seems to be mandatory in form—"to be recovered by suit in any district court of the United States within whose jurisdiction such offenses may have been committed." The enactment of the offense, of the penalty, of the persons who may sue, the mode of suit, and in what district the prosecution is to be brought, are all connected as parts of one single enactment. In such cases, where the

offense is new, and the remedy prescribed, the general rule has long been that the remedy must be sought in the precise mode and subject to the precise limitations provided by the act which creates the offense. The rule is founded upon the presumed intent of the legislative authority in connecting the new offense with the particular remedy prescribed to exclude all other remedies.

In *Millar* v. *Taylor*, 4 Burr. 2305, 2323, WILLES, J., says:

"If the offense, and consequently the right, which arises from the prohibition be *new*, no remedy or *mode of prosecution* can be pursued, except what is directed by the act. * * * If the act has prescribed the remedy for the party grieved, and the mode of prosecution, all other remedies and modes are excluded. * * * If the same act which *creates* the right, *limits the time* within which prosecutions for violations of it shall be commenced, that limitation cannot be dispensed with."

In *Donaldson* v. *Beckett*, 2 Brown C. P. 129, it was held in such cases that there can be no remedy, except on the foundation of the statute and on the terms and conditions prescribed thereby.

In the case of *Dudley* v. *Mayhew*, 3 N. Y. 9, STRONG, J., says, (page 15:)

"It is very clear that, when a party is confined to a statutory remedy, he must take it as it is conferred, and that *where the enforcing tribunal is specified the designation forms a part of the remedy, and all others are excluded.* The rule is inapplicable, of course, where property or a right is conferred and no remedy for its invasion is specified; then the party may sustain his right to protect his property in the usual manner."

See, also, *Almy* v. *Harris*, 5 Johns. 175; *McKeon* v. *Caherty*, 3 Wend. 494; *Renwick* v. *Morris*, 7 Hill, 575; *People* v. *Hazard*, 4 Hill, 207; *People* v. *Hall*, 80 N. Y. 117.

Again, section 732 of the Revised Statutes is taken *verbatim* from the act of February 28, 1839, § 3, (5 St. at Large, 322.) It is a general act applicable to a multitude of penalties and forfeitures, concerning which there is no other provision in regard to the place where the suit may be brought.

Section 4901 is taken from the act of July 8, 1870, § 39, (16 St. at Large, 203.) This act was passed long after the general act of 1839, providing for the recovery of penalties and forfeitures in any district where the offender might be found. The offense created by section 39 of the act of 1870 was new, and that section specifies definitely how and where such penalty is to be recovered. Under the rule above stated, the particular specification of the district wherein the remedy is to be pursued must be interpreted as a limitation, confining the plaintiff to the district where the offense is committed. Unless that were the intention of the clause in question, no reason appears for its insertion at all, since under the general act of 1839, then in force, suit might have been brought, if nothing had been said about it, wherever the offender might be found. No reason appears for applying a general statutory provision in extension of the remedy particularly designated by the act creating a new offense, which

would not apply equally in favor of such an extension by means of the ordinary common-law remedies; and yet it is well settled that the latter are excluded under the rule of construction above referred to, and the same rule must, therefore, be held to exclude the application of section 732 to suits brought under section 4901.

Other sections of the act of July, 1870, furnish further support to the construction here given. Sections 79 and 82 of that act provide for the recovery of damages in "any court of competent jurisdiction." Section 94 provides for the recovery of the penalty in any district court where the delinquents "may reside or be found." Section 98 provides for the recovery of a penalty of $100, by action precisely similar to the present, in cases of copyright, "in any court of competent jurisdiction;" and the same provision is made, as respects damages and penalties, by sections 99, 100, 101, and 102. In view of all these other sections of the same statute, permitting the suits for those penalties to be brought "wherever the defendant may be found," the exceptional language of section 39, providing that the suit for that penalty is to be brought "in the district where such offense may have been committed," warrants the inference of a particular intent to limit prosecutions under that section to the district where the offense was in fact committed. If, under this construction, the statute may, in some cases, be easily evaded, that must be set down to the explicit and peculiar limitation of the statute itself. It is for congress to apply the remedy, if any is needed, and not for the courts to attempt it, through a departure from the well-settled rules applicable to the construction of penal statutes and the remedies presented thereby.

The demurrers are sustained, and judgments thereon ordered for the defendant, with costs.