HOTCHKISS v. SAMUEL CUPPLES WOODEN-WARE CO.

(District Court, E. D. Missouri, E. D. November 28, 1891.)

No. 3,465.

1. PATENTS FOR INVENTIONS—OFFENSES AGAINST PATENT LAWS—MARKING UN-PATENTED ARTICLES.
In an action under Rev. St. § 4901, to recover penalties for marking unpatented articles as "patented," the jury can only consider cases in which the marking was done within five years before the commencement of the suit, and within the judicial district in which it is brought.

2. SAME—INTENT—EVIDENCE.
To render defendant liable for the penalty, the marking must have been done for the purpose of deceiving the public, and in determining the existence of such purpose the jury may consider that, although the articles were in fact unpatented, they were claimed to have been manufactured under a certain patent, and that the question whether they were covered by such patent was one upon which persons skilled in the patent law might reasonably entertain different opinions. The fact that defendant may have become convinced, some time after the marking was done, that the articles were not covered by the patent, would not render it liable.

3. SAME—LIABILITY OF CORPORATIONS—INTENT OF OFFICERS.
A corporation may be held liable under this section when the wrongful acts are proven to have been committed by some officer or agent thereof acting within the scope of his authority, knowing that the articles were unpatented, and with intent to deceive the public.

4. SAME—SINGLE OFFENSE.
The marking of a number of separate articles with intent to deceive the public does not constitute separate offenses when it is all done on the same day and at the same time, so that the marking is practically a continuous act, and in such case but one offense is committed, and one penalty is recoverable.

At Law. Action by Charles A. Hotchkiss, for himself and to the use of the United States, against the Samuel Cupples Wooden-Ware Company to recover penalties under Rev. St. § 4901, for marking certain unpatented articles with the word "Patented," for the purpose of deceiving the public.

Wm. Eccles, for plaintiff.
Geo. A. Madill, for defendant.

THAYER, District Judge. As you are aware, this is a suit brought by the plaintiff in his own behalf and in behalf of the United States, to recover penalties imposed by the laws of the United States for marking an unpatented article with the word "Patented," and doing so with intent to deceive the public. The motive that inspired congress to enact such a law was fairly stated to you by Mr. Eccles, in opening the case, and nothing further need be said by me upon that subject. The complaint in this case charges that defendant marked the words "Patented, September 28, 1880," on 1,420 rope reels manufactured between July 1, 1885, and April 5, 1890. But as the case stands at the conclusion of the trial, the evidence will not warrant you in finding that more than 400 rope reels were so marked in this district between the dates

mentioned. The answer admits that 200 rope reels were marked with the words in question during the month of August, 1885, and that 200 were so marked in March, 1887, these being the reels made by the Whitman Agricultural Company, here in St. Louis. There is no evidence before you that any other reels were so marked at the city of St. Louis, or within this judicial district, within five years before this suit was begun; hence the questions that you have to determine are these: First. Were the rope reels manufactured by the Whitman Agricultural Company in August, 1885, and March, 1887, unpatented articles? Second. If unpatented, did the defendant cause the words "Patented, September 28, 1880," to be marked thereon for the purpose of deceiving the public?

As to the first of these questions, the court has determined to instruct you as a matter of law that the rope reels in question were not covered by the Le Roy patent of date September 28, 1880, or by his subsequent patent; but in doing so it is proper that I should say for your information, in view of the character of the suit and the nature of the testimony, that the patent taken out by Mr. Le Roy, dated September 28, 1880, contains four claims. The patentee points out four different mechanical combinations, each of which he claims to be patentable, and all of which the patent office eventually allowed. Now, if the reels made by the Whitman Agricultural Company embodied any one of the four combinations described in the specification and covered by the claims, then the defendant had an undoubted right to mark the reels "Patented, September 28, 1880," although they were not so constructed as to embody all of the patentable combinations. To entitle it to brand the reels "Patented, September 28, 1880," it was not essential to construct the reels so as to contain all of the mechanical combinations covered by the patent. It is very clear that the reels as made did not contain the combination covered either by the first, the second, or the third claims of the Le Roy patent of date September 28, 1880; and the court is of the opinion, and so instructs you, that they do not contain the combination covered by the fourth claim, and for that reason the reels must be regarded as unpatented articles, so far as the Le Roy patents are concerned. And in this connection I will add that the Le Roy patents are the only patents in evidence under which it is claimed that the reels are or were patented articles.

Now, while I express the opinion last stated, that the reels were not covered in any respect by the Le Roy patents, yet it is fair to say that this is a matter which is not entirely free from doubt and difficulty. Different persons skilled in the patent law might reasonably entertain different opinions as to whether the combination covered by the fourth claim of the Le Roy patent is embodied in these reels. The question is one, I think, that fairly admits of controversy among persons skilled in the construction and application of the patent laws, and it is proper for you to take that fact into consideration in a case of this character, when you come to determine whether the defendant was actuated by a fraudulent purpose in marking the reels patented. I will make no further com-

ments concerning the patentability of the reels, but will instruct you to regard them as in fact unpatented articles.

As I have already instructed you that the evidence only shows the marking of 400 reels in this district, and as I have also charged you, as a matter of law, that they were not covered by Le Roy's patents, or either of them, it follows that the main question which you will have to consider and determine is whether the defendant marked the reels as it did for the purpose of deceiving the public, as the plaintiff alleges. That is the vital question in this case, as counsel on both sides practically concede. The offense does not consist merely in marking an unpatented article "Patented," or in selling an unpatented article that has been marked "Patented." The mere sale of an article so marked is not an offense. The offense, under the statute, consists in marking an unpatented article "Patented," and in doing so with an intent, entertained at the time, of deceiving the public. Hence, if the marking complained of was done by the defendant, not with intent to deceive the public, but in good faith, on the supposition that the reel, or some part thereof, was patented, no offense was committed, and the defendant is not liable on any of the counts. On the other hand, if it caused the reels to be marked "Patented, September 28, 1880," at a time when it either knew, believed, or supposed that as constructed they were not covered by the Le Roy patents, or either of them, and were in fact unpatented articles, then you have the right to infer that the defendant's purpose in so marking them was to deceive the public, and in that event an offense was committed, and the defendant is liable for the penalty imposed by the statute.

In considering the question of intent, your inquiry must be directed to the time when the marking was done; that is to say, to the month of August, 1885, and the month of March, 1887. If at those dates, when the reels are said to have been made, and the marking thereon is said to have been done, the defendant, its officers and agents, supposed the reels to be covered by the Le Roy patent, then it is not liable in this action, although you may be of the opinion that the defendant or its agents, or some of them, at a subsequent date, came to a different conclusion. In other words, to render the defendant liable for the penalty sued for, it must appear that defendant entertained the purpose of deceiving the public when the marking was done, or when it was caused to be done.

Now, as you know, the defendant in this case is a corporation, not a private individual, and, being a corporation, it can only be held liable for such wrongful and unlawful acts as are complained of in this suit when they are proven to have been committed by some officer or agent of the corporation, while acting for the corporation, and within the scope of his authority as such officer or agent. And you will have to determine, among other things, whether the wrongful acts in this instance alleged to have been committed by the defendant company were done or committed by an agent or officer in its employ, for whose acts in such matters the corporation was and is responsible. Bearing on this question, the

court gives you the following directions: If you believe that Mr. A. W. Benedict was in charge of defendant's purchasing department in the years 1885 and 1887, and that it was a part of his duty, as the head or chief of that department, to give orders for the manufacture of rope reels, and to direct after what models or samples they should be made, and what brands or marks should be stenciled thereon, and that it was also his duty to give orders on the defendant's cashier to pay for such reels as were manufactured pursuant to his direction; and if you further find that, while so acting as the head of the purchasing department, Mr. Benedict caused or procured the reels made in August, 1885, and March, 1887, to be made and marked with the words now complained of,— then the acts of said Benedict in that behalf are the acts of the defendant, and the knowledge possessed by said Benedict as to whether the reels were patented, and the purpose by him entertained in causing them to be marked with the words complained of, are to be regarded by you as the knowledge and purpose of the defendant for all of the purposes of this case.

With reference to the burden of proof, I instruct you that the burden rests upon the plaintiff. To warrant a verdict in favor of the plaintiff on any particular count in the complaint, it must be made to appear by a clear preponderance of evidence that on or about the date alleged in such count, some agent or officer of the defendant company, acting at the time for the company, and within the scope of his authority, as I have heretofore explained, caused the words "Patented, September 28, 1880," to be marked upon an unpatented rope reel within this judicial district of the state of Missouri, and did so for the purpose of deceiving the public. You have nothing to do with reels that were manufactured and marked, as the evidence shows, in the state of Ohio, outside of the limits of this judicial district. And I will also say that you have nothing to do with such reels as may have been manufactured and marked prior to the 1st day of July, 1885. You can find a verdict in plaintiff's favor on some counts, and against him on other counts, according as the proof may be; that is to say, you are not bound to render the same verdict on all of the counts of the complaint. As before stated, there are 1,420 counts in all, and, as there is no evidence that more than 400 reels were marked in this district within the five years preceding the commencement of the suit, you must, in any event, return a verdict for the defendant on at least 1,020 counts contained in the complaint.

In conclusion I will say that, where several unpatented articles are falsely marked "Patented," and the marking or branding is all done on the same day and at the same time, so that the act of marking is practically a single, continuous act, but one offense is committed under this statute, and only a single penalty is recoverable, although more than one article may have been marked. Therefore, if you believe that the rope reels manufactured by the Whitman Agricultural Company were branded in lots of some 25 or 50 at a time, as some witnesses have testified, then you will regard the branding of such a lot of 25 or 50 reels, all at one time,

in the manner described, as constituting but a single offense, for which only a single penalty of $100 can be recovered. Taft v. Lithographing Co., 38 Fed. Rep. 28, and 39 Fed. Rep. 781.

You are the sole judges of the weight of the testimony and of the credibility of all of the witnesses who have testified in your presence, and if the evidence in the case satisfies you that any of the witnesses have knowingly testified falsely as to any material fact in controversy, you are at liberty to reject the entire testimony of any such witness or witnesses; and, inasmuch as you have to determine the purpose which actuated the defendant's agents in branding certain rope reels with the words "Patented, September 28, 1880," it will be your duty, in determining that issue, to consider all the facts and circumstances in evidence, and to draw such inferences as you deem justifiable and proper. The case is left with you, you having heard all the testimony, to be dealt with as you see fit in view of the evidence and in view of the law as I have explained and declared it.