**FEAR v. HORNER SALES CORPORATION.**

**Civ. A. No. 7988.**

United States District Court
W. D. Pennsylvania.

Feb. 6, 1950.

26

George D. Lockhart, of Kirkpatrick, Pomeroy, Lockhart, & Johnson, Pittsburgh, Pa., and Henry L. Shenier, New York City, for plaintiff.

Webb, Mackey & Burden, Pittsburgh, Pa., for defendant.

MARIS, Circuit Judge.

This is a qui tam action brought to recover penalties imposed by Section 4901, Revised Statutes, 35 U.S.C.A. § 50, for marking goods covered by patent of the De-Raef Corporation as licensed under its patent without in fact having a license, in violation of the section. The defendant filed a motion for summary judgment on the ground that the complaint presented no genuine issue of fact and a motion that the complaint be dismissed on the ground that it failed to state a claim upon which relief can be granted. The defendant further requested that costs be taxed against the plaintiff. The plaintiff filed motions to strike the defendant's motion to dismiss the complaint and the defendant's motion for summary judgment. Since the motions filed by the defendant properly bring this matter before the court for our determination, the plaintiff's motions are superfluous and require no comment.

The defendant's motion to dismiss the complaint is predicated on two grounds; (1) that an action brought under the sec-ond paragraph of Section 4901, R.S., may not be maintained where the alleged patentee has no patent embracing the article marked, and (2) that such an action may not be maintained between parties to another action in which the question of the validity and infringement of the patent is pending. Neither of these contentions has merit. In considering this motion we limit ourselves to the allegations of the complaint, which we must for this purpose assume to be true. Lehigh Coal & Navigation Co. v. Central R. of New Jersey, D.C. E.D.Pa.1940, 33 F.Supp. 362, 363. The material facts set forth in the complaint are that the defendant, Horner Sales Corporation, at Pittsburgh, Pennsylvania, violated the statute "with intent to imitate or counterfeit the mark or device of the patentee, De-Raef Corporation, without having the license or consent of such patentee, or its assigns or legal representatives, 'by marking on' an improving agent for use in the confection of frozen comestibles, a patented composition of matter, the word 'Patent' or 'Patentee', or the words 'Letters Patent' or a word of like import, to wit, 'Licensed under U. S. Pat. No. 1,935,596', which designation and patent number is the mark or device of the patentee De-Raef Corporation." If these allegations are true the De-Raef Corporation does have a patent. It follows that in this motion the defendant's position to the contrary is untenable. The defendant's second contention likewise affords no ground for the dismissal of the complaint.

The statute provides that:

"Every person who, in any manner, marks upon anything made, used, or sold by him for which he has not obtained a patent, the name or any imitation of the name of any person who has obtained a patent therefor without the consent of such patentee, or his assigns or legal representatives; or

"Who, in any manner, marks upon or affixes to any such patented article the word 'patent' or 'patentee,' or the words 'letters patent,' or any word of like import, *with intent to imitate or counterfeit* the mark or device of the patentee, without

having the license or consent of such patentee or his assigns or legal representatives; or

"Who, in any manner, marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, for every such offense, to a penalty of not less than $100, with costs; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed."

It will be seen that the statute is penal in nature. French v. Foley, D.C.S.D. N.Y.1882, 11 F. 801; Fish v. Manning, D.C.S.D.N.Y.1887, 31 F. 340. For not only does one-half of the recovery inure to the government to redress the wrong to the public but it is clear that the balance is not intended to be compensatory for any private injury to the individual who brings the action since he brings it as informer and need not show that he has been injured by the acts of the defendant. Newgold v. American Electrical Novelty & Mfg. Co., D.C.S.D.N.Y.1901, 108 F. 341; Winner v. United States, 7 Cir., 1929, 33 F.2d 507. Therefore, the plaintiff's interest in any other action cannot defeat this suit. It is accordingly not ground for dismissal that there is a pending controversy between the parties involving patent rights.

The defendant has moved for summary judgment on the ground that the complaint presents no genuine issue of fact and that it, therefore, is entitled to judgment as a matter of law. In support of its motion the defendant has filed affidavits, one of which contains a copy of a license agreement entered into between the De-Raef Corporation and one Henry W. Stern. The agreement appears to grant an irrevocable non-exclusive royalty-free license to Stern to manufacture and sell calcinated sugar. Paragraph V of the agreement reads as follows: "This agreement is non-assignable except to a company in which Licensee holds the controlling stock interest or a control of the voting stock, and shall be binding respectively upon the successors or legal representatives of Licensor and assigns of Licensee as hereinabove qualified."

It appears by affidavit that Stern was the President of Puro Products Company and that while he was president he held the controlling stock interest and at that time assigned the license agreement to Puro Products Company.

A copy of a bill of sale is also included indicating that Puro Products Company afterwards sold its assets to E. E. Horner, who is president of the defendant corporation. One of the assets listed is: "(d) Its irrevocable non-exclusive royalty-free license to sell Calcinated Sugar or equivalent products throughout the United States and its territorial possessions under United States Letters Patent Number 1,935,596, * * * owned by the DeRaef Corporation. * * * Said license had been assigned by Henry W. Stern to Puro Products Co. and its successors, legal representatives and assigns * * *" It is asserted in argument that this license is held by Horner in trust for the defendant corporation. No facts, let alone undisputed facts, are shown to support this assertion, however. Moreover paragraph V of the license agreement, quoted above, appears on its face to forbid any assignment except that by Stern. Of course, this conclusion may be altered if it should appear from the evidence that the patentee waived the prohibition and consented to the asserted subsequent assignment to Horner and that Horner did in fact acquire the license in trust for Horner Sales Corporation.

Enough has been said, however, to demonstrate that the case is not ripe for summary judgment but that issues are present which can only be resolved after hearing the evidence and finding the facts.

Accordingly the defendant's motions for dismissal of the complaint and for a summary judgment in its favor will be denied and it will be directed to answer the complaint.