## DE–RAEF CORPORATION v. HORNER SALES CORPORATION.

### Civ. A. No. 7989.

United States District Court
W. D. Pennsylvania.

Feb. 6, 1950.

George D. Lockhart, of Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., and Henry L. Shenier, New York City, for plaintiff.

Webb, Mackey & Burden, Pittsburgh, Pa., for defendant.

MARIS, Circuit Judge.

The De-Raef Corporation, a Missouri corporation, instituted this action for damages against Horner Sales Corporation, a Pennsylvania corporation, for infringement of its patent, No. 1,935,596. The defendant answered by denying any infringement and contended, first, that the patent was invalid for want of novelty and, second, that the defendant, as assignee, holds a license issued by the plaintiff, which authorizes the manufacture and sale of the patented product. At the same time the defendant filed a counterclaim to which the plaintiff filed a reply. It has also filed a motion under Federal Civil Procedure Rule 12(f), 28 U.S.C.A., to strike the 10th and 11th defenses in defendant's answer and the last sentence of paragraph 19 of the counterclaim. This motion has been argued and is now before us for disposition.

The plaintiff takes the position that since the 10th defense is predicated upon the equitable maxim that "he who comes into a court of equity must do so with clean hands" it is not available in an action at law. The short answer to this argument is contained in Rule 8(e) (2) that: "A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both." It is, therefore, not fatal to a defense based on equitable grounds that it is asserted in an action which would formerly have been brought at law. See Ettelson v. Metropolitan Life Ins. Co., 3 Cir., 1943, 137 F.2d 62, certiorari denied 320 U.S. 777, 64 S.Ct. 92, 88

L.Ed. 467. Consequently, the motion of the plaintiff cannot be sustained as to the 10th defense. This is not to say that we are now passing upon the validity of this defense in this case. That will depend upon questions of law and fact which will be before us for consideration at the trial and which we think it appropriate to postpone for determination at that time.

The plaintiff's motion that the 11th defense be stricken from the pleading is on the ground that it states an insufficient defense. In that defense the defendant alleges that it is authorized by a license, issued by the plaintiff, to manufacture and sell the improving agents patented and thereupon profert was made of the license. The license upon which the defendant relies is one issued by the plaintiff to Henry W. Stern. The plaintiff asserts that this license has not been assigned to the defendant and that by its terms it is not capable of being assigned to the defendant. This the defendant denies and asserts that it is entitled to the license.

■ In an opinion filed this day in the case of Fear v. Horner Sales Corporation, 10 F.R.D. 25, we have had occasion to consider this same license and have taken the view that while the license agreement appears on its face not to be assignable except to a corporation controlled by Stern, this conclusion might be altered if it should appear by evidence that the plaintiff had waived the prohibition and that the license had with its consent been actually assigned to the defendant. It follows that the validity of this defense also must await the trial and that it may not now be passed upon on the motion to strike. Milkman v. Aetna Life Ins. Co., D.C.E.D. N.Y. 1941, 36 F.Supp. 116; American Machine & Metals v. De Bothezat Impeller Co., D.C.S.D.N.Y. 1948, 8 F.R.D. 306, 308.

■ The plaintiff's motion to strike the last sentence of paragraph 19 of the counterclaim must also be denied. For the plaintiff has replied to the defendant's counterclaim and this motion to strike, therefore, comes too late. Civil Procedure Rule 12(f).

The plaintiff's motion to strike will be denied.