FELT, for USE of UNITED STATES v.
RONSON ART METAL WORKS,
Inc. et al.
Civ. No. 3971.

United States District Court
D. Minnesota, Fourth Division.
Aug. 29, 1952.

Oppenheimer, Hodgson, Brown, Baer & Wolff, St. Paul, Minn., of counsel; and Edmund C. Rogers, St. Louis, Mo., for plaintiff.

Paul, Moore & Dugger, and Robert P. White, Minneapolis, Minn., for defendants.

JOYCE, District Judge.

Defendants, Ronson Art Metal Works (hereinafter referred to as RAMW) and Ronson Service of Minnesota (hereinafter referred to as RSM), move this court under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., for an order dismissing the above action on a number of grounds. Plaintiff brings this qui tam action to recover a minimum penalty of $100 under the provisions of Section 4901 Revised Statutes, the pertinent portion of which provides that any person:

" * * * Who, in any manner, marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, for every such offense, to a penalty of not less than $100, with costs; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed." 35 U.S.C.A. § 50.

The articles upon which it is alleged the false markings were placed are the "Viking" and the "Vanguard" models of cigarette lighters manufactured by RAMW. The allegations of the complaint pertinent to this phase of the motion state on information and belief that RSM as the agent, instrumentality or adjunct of RAMW sells pyrophoric cigarette lighters using compressed liquefied petroleum fuel, and in addition thereto converts cigarette lighters manufactured by RAMW into lighters using cartridges for filling said lighters with compressed liquefied petroleum fuel, and that the lighter so converted or sold by RSM are conspicuously marked:

"Ronson, Newark, N. J. U. S. A. U.S. Patents Re. 19,023, 2,481,195 Other U.S. and Foreign Pats. Pdg."

for the purpose of deceiving the public, when in fact it knows or should have known that said lighters do not come within the scope of those patents. For the purposes of this motion only it shall be assumed that the lighters do not come within the scope of said patents. Counsel for plaintiff admits that the sale alone of such lighters by RSM would not constitute a violation of the above statute, but contends that the process of "conversion" alleged by the complaint constitutes the prohibited "affixing in any manner" of the false patent markings. The complaint's allegations with reference to the operations of RSM are meager and little more than conclusions, and in this respect it must be noted that no affidavits have been submitted by plaintiff who appears content to rely upon the complaint and the allegations of fact contained in the affidavits in support of the motion. Insofar as determining whether there exists any genuine issue of material fact, where plaintiff fails to introduce any facts dispelling the conclusion required by the facts adduced in support of the motion, the rule to be followed is that which is succinctly stated in 3 Barron & Holtzoff, Federal Practice and Procedure, page 88:

"The rationale of these cases seems to be that the moving party has the burden of showing that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law, but that when he has made a prima facie showing to this effect the opposing party cannot defeat a motion for summary judgment and require a trial by the bare contention that an issue of fact exists. He must show that evidence is available which would justify a trial of the issue."

The first question raised by the instant motion, and as to this phase counsel request that the motion be regarded as one for summary judgment, is as to the jurisdiction of this court. Counsel for defend-

ants earnestly urge that this court is without jurisdiction of the subject matter since it conclusively appears from the affidavits in support of the motion that the offense was not committed within the jurisdiction of this court. The language of the statute clearly requires that the action be brought in the district court within whose jurisdiction such offense may have been committed. See Pentlarge v. Kirby, D.C., 19 F. 501; Winnee v. Snow, D.C., 19 F. 507; Hitchkiss v. Samuel Cupples Wooden-ware Co., D.C., 53 F. 1018. The offense or the act which is made penal is the act of stamping or affixing in any manner the word "patent" on an unpatented article with an intent to deceive the public. Pentlarge v. Kirby, supra. Since the section is penal and not compensatory in nature, it must be strictly construed. Schwebel v. Bothe, D.C., 40 F. 478; Fear v. Horner Sales Corp., D.C., 10 F.R.D. 25; London v. Everett H. Dunbar Corp., 1 Cir., 179 F. 506.

It appears without dispute that RAMW is a New Jersey corporation, engaged there in the manufacture and sale of cigarette lighters and that it is not engaged in or authorized to do business in Minnesota except as it may so do through its subsidiary RSM, a duly organized corporation of Minnesota. RAMW itself does no actual marking or affixing of patent markings within the State of Minnesota. The actual stamping or engraving of the patent markings on the component parts of the lighters is done during the course of manufacture either in the RAMW plant at Newark, N. J. or in the plant of a manufacturing subsidiary in East Stroudsburg, Pennsylvania. It is not alleged, nor is it argued, that RSM does any marking except as it may so do through the alleged process of conversion.

It appears from the affidavits that RSM does not manufacture lighters but that its functions are limited to the sale of repair parts purchased from RAMW and to the repair and service of Ronson lighters brought in to them by dealers and members of the public. The retail sales which RSM makes are of those Ronson parts and accessories which the purchaser himself can install or apply to the lighter without special knowledge or equipment, although RSM often installs these parts for the purchaser as a free service. Models of the Viking and Vanguard lighters are attached to the complaint and motion as exhibits. Both lighters comprise three basic parts,—a casing, a fuel reservoir and a cap assembly. The three parts of the lighter are held together by means of a simple screw which is received in a threaded hole located approximately in the center of the casing. The Vanguard lighter is equipped with a reservoir designated as Style A and on which are stenciled the patent markings complained of. The base of the Vanguard casing is also stenciled with these markings. The Viking lighter has, in addition to the center screw, a larger second hole placed at one end of the casing and adapted to receive a "blue" screw therethrough. The reservoir of the Viking is like that of the Vanguard except that it has a second hole positioned to receive the "blue" screw. This reservoir is styled AA. Both the casing and the reservoir of the Viking have the patent markings.

The style AA reservoir is equipped with valve mechanisms which enable it to be recharged by temporarily attaching a disposable cartridge containing fuel. The style A reservoirs are not rechargeable and when empty must be disposed of. Both styles of reservoirs fit interchangeably in either the Viking or Vanguard casings. The conversion referred to in the complaint was demonstrated to the court by plaintiff's counsel and was subsequently performed by the court, indicating perhaps the simplicity of the operation. It consists simply of removing the center screw of the Vanguard lighter and dismantling it into its three component parts. The style A reservoir is discarded and the rechargeable style AA reservoir is substituted therefor and the lighter reassembled. The lighter could then be designated as a reconverted Vanguard, differing from the Viking only in the fact that in order to recharge or refuel the reservoir, the casing must first be removed since there is no second hole in the Vanguard casing through which the "blue" screw covering the valve mechanism of the rechargeable reservoir can project. This disassembly and reassembly is also

made whenever RSM undertakes to replace any of the parts during the course of service or repair.

 It is this assembly, or manufacture as plaintiff's counsel also terms it, that constitutes the affixing of the patent markings on the unpatented lighter, it being argued that neither the reservoir nor the casing portions in and of themselves constitute an operable lighter, and that when the lighter casing bearing the patent markings is applied to the reservoir which also bears such marks, an assembly or manufacture has taken place and thereby RSM has unlawfully affixed the patent markings on the completed article. With this reasoning I cannot agree. The only assembling of lighters performed by RSM is in connection with its servicing and repair operations. This is but a reassembly during the course of which parts containing the patent markings are substituted for old parts which also contained such marks, both of which marks having been placed there previously by the manufacturer. RSM has alleged facts showing that it is not engaged in the sale of lighters as such and plaintiff has alleged no facts disputing this nor has he shown that RSM is engaged in manufacturing in the sense that it completes here the final step of manufacture, the assembly of component parts into the completed lighter. Only a very unrealistic construction of the statute could lead to the conclusion that RSM through its service and repair operations has affixed patent markings in a prohibited manner. The statute is directed against the one who does the actual marking and affixing, with a deceitful intent; and to bring RSM within its scope under the facts here would require the ridiculous conclusion that any dealer or purchaser who substituted such parts had violated the statute. RSM's operations are not analogous to the situation where one applies a name plate with patent markings to a completed article, which it appears is a type of activity the statute contemplates in the use of the word "affix" in the disjunctive. I am not called upon to decide what would be the result if RSM were actually engaged in the initial assembly of the component parts into complete and operable lighters for the facts alleged require the conclusion that RSM is not so engaged.

 It appears that RAMW has been and is presently engaged in a series of patent suits with Brown & Bigelow, the assignee of two patents assigned to them by plaintiff here. Whether this present suit is part of a planned program to harass defendants, as they contend, I express no opinion. Suffice it to say that if plaintiff desires to pursue his quest further, he should address himself to the courts within whose jurisdiction the alleged offenses may have occurred, for while the position of the informer is assured in the law, nevertheless the court does not feel that it should strain a point to make light the labors of an informer or make his recovery easy. Taft v. Stephens Lith. & Eng. Co., C.C., 38 F. 28; Zuckerman v. Pilot, D.C., 71 F.Supp. 478.

It appearing without contradiction by plaintiff that the offense alleged did not occur within this jurisdiction, the complaint herein must be dismissed, and it is so ordered. Taking the view that I do, it is unnecessary to pass upon the other questions raised by the motion to dismiss.