SMITH WELDING EQUIPMENT COR-
PORATION, Plaintiff,

v.

David S. PEARL and Ephraim Werner,
co-partners doing business under the
firm name of National Torch Tip Com-
pany, Defendants.

Civ. A. No. 15306.

United States District Court
W. D. Pennsylvania.

Dec. 28, 1956.

Webb, Mackey & Burden, Pittsburgh, Pa., Moore, White & Burd, Minneapolis, Minn., for plaintiff.

M. Barney Cohen, Pittsburgh, Pa., Hyman F. Glass, Alexandria, Va., for defendants.

WILLSON, District Judge.

In its Complaint, filed December 28, 1956, plaintiff charged defendants with the infringement of two patents. Plaintiff invoked the jurisdiction of the court under the patent laws and under Title 28, Sections 1331, 1332 and 1338, alleging diversity of citizenship and a controversy involving an amount in excess of $3,000. On January 14, 1957, plaintiff amended the complaint to add to the complaint a third patent, covering an invention for a torch tip mounting.

In the Complaint, plaintiff's articles are described as "torches," and "cutting and welding torches," but it appears that the lawsuit will largely be confined to the torch tips, that is, whether the patents are valid and if so, whether the cutting tips are a component part of the

patented article and if so, whether defendants have infringed the patents.

Defendants have filed a responsive answer containing a counterclaim. It is with the allegations of the counterclaim that we are presently concerned. The counterclaim charges plaintiff with a violation of 35 U.S.C.A. § 292. The counterclaim alleges that plaintiff, within the jurisdiction of this court, has advertised its unpatented torch tips as patented and with intent to deceive the public, contrary to the provisions of the statute.

The present issue before the court arises on plaintiff's motion directed to the counterclaim. The motion is in two parts. Plaintiff moves first to dismiss the counterclaim under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that the court lacks jurisdiction over the subject matter, the venue is improper and the complaint fails to state a claim upon which relief can be granted.

In the second part of its motion, plaintiff moves for summary judgment on the counterclaim under Rule 56.

Plaintiff says that it is a Minnesota corporation, having its only office and place of business in Minneapolis, Minnesota. However, it admits that some seventy-five of its catalogues have been circulated in this judicial district. One published April 1, 1955 and circulated here, contained the following:

"Smith's Silver-Star Cutting Torch with the new patented slip-in tips is the result of * * *."

and

"Smith's new patented cutting tips have damage proof seats."

A later version of the catalogue, dated September 1, 1955, stated:

"These are the new cutting tips which are giving 'burners' everywhere a new concept of cutting ease and economy. They are patented tips made of pure hard drawn copper by a special swaging process."

A subsequent catalogue, No. 756, contained the following statements:

"Patented*Slip-In Type Cutting Tips"

"*Smith's Slip-in cutting tips are covered by U. S. Patent numbers 2231199 and 2702079."

Also

"Smith's New Patented Cutting Tips Have Damage-Proof Seats."

██ Nevertheless, plaintiff contends that the court has no jurisdiction because the cutting tips were not actually marked within the venue of this court and that there is no allegation by defendants that the catalogues were printed in this jurisdiction. Plaintiff cites Cornick v. Stry-Lenkoff Co., D.C., 134 F. Supp. 126, in support of its contention. In the judgment of this court the case cited has no application to the allegations of the counterclaim because in the case cited the decision related to the marking alone and not advertising, such as mentioned in the instant case. It seems clear to this court, although no decisions have been found, that the statute is violated wherever the advertising occurs with intent to deceive the public. As mentioned, seventy-five catalogues have been circulated within the jurisdiction of this court. The question to be determined is what Congress intended with reference to jurisdiction when it used the words "uses in advertising," in Section 292. The most reasonable interpretation to be placed upon the language is that the offense with regard to advertising was committed in the place where the advertising was used or the literature was actually circulated as opposed to the place of printing. The catalogues in question, although printed in Minnesota, have found their way into the Western District of Pennsylvania and are being *used* here. Therefore, it must be concluded that this court has jurisdiction.

██ The next ground relied upon by plaintiff in its motion to dismiss is that the counterclaim fails to state a claim

upon which relief may be granted. A reading of Section 292 indicates that the elements of the offense are as follows: (1) a false marking of unpatented articles or use in advertising in connection therewith; (2) use of the word "patented," "patent pending" or words of similar import, designed to receive the public and (3) done with intent to deceive the public into thinking that the goods so marked or advertised are in fact patented.

The counterclaim alleges that plaintiff, since April 1, 1955, has used the word "patented" in connection with advertising of said "cutting tips" and "special usage tips" with the intent to deceive the public into believing that plaintiff's said "cutting tips" and "special usage tips" are patented in the United States. Whether or not the counterclaim is sustainable is a problem to be solved by trial, but certainly the allegations made are, if true, sufficient to make out a claim upon which relief may be granted under 35 U.S.C.A. § 292. Therefore, it is the conclusion of this court that the grounds set forth by plaintiff in its motion to dismiss are insufficient and the motion must be denied.

■ The second part of plaintiff's motion is for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. It is axiomatic that in order to grant such a motion, the case must be one free from any genuine issue as to any material fact. In the first place, it is apparent that the main issue in this case is whether or not the cutting tips are covered by the plaintiff's patents. The counterclaim alleges an unpatented tip. There is thus an issue presented as to material facts with respect to whether the plaintiff's torch tips are embraced within the scope of its patents.

The next point is the prerequisite for violation of the statute, that plaintiff was possessed of an intent to deceive the public. Plaintiff's affidavits indicate that it used the word "patented" in connection with the advertising of these tips in good faith and with the belief that it had the right so to do. Defendants' averments in the counterclaim are to the contrary. It thus appears that there is a genuine issue to be decided. See Folberth Auto Specialty Co. v. Mayo-Skinner Mfg. Co., D.C.Ill.1923, 292 F. 883.

Plaintiff's motion to dismiss and for summary judgment will be refused.