Paul MASKERY and Albert Pennington

v.

Harold W. KOPP.

Civ. No. H 75–268.

United States District Court,
D. Connecticut.

May 12, 1976.

4. *See* N.T. Vol. I at 8.

5. *See* N.T. Vol. III at 19–20, 27.

James J. Gadarowski, New Britain, Conn., for plaintiffs.

Ramon S. Sous, Seymour, Conn., Charles S. McGuire, Syracuse, N. Y., for defendant.

## RULING ON MOTION TO DISMISS

CLARIE, Chief Judge.

The defendant has moved to dismiss this *qui tam* action brought pursuant to 35 U.S.C. § 292 and 28 U.S.C. § 1338, on the ground that venue does not properly lie in this District. The motion is denied.

The statutory basis for the action, 35 U.S.C. § 292, provides a fine of not more than $500 for marking upon, affixing to, or using in advertising in connection with any unpatented article, the word "patent," or any word or number importing that the article is patented, for the purpose of deceiving the public. The complaint alleges that the defendant Kopp violated 35 U.S.C. § 292 by marking a false patent number on plastic football kicking tees, and by using said number in advertising in connection with the marketing of the kicking tees, all with intent to deceive the public. The suit has been brought pursuant to subsection (b) of § 292, which provides: "Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

The defendant has moved to dismiss, asserting that venue for an action under 35 U.S.C. § 292 lies only in the judicial district where the illegal marking is alleged to have occurred, and that it is undisputed in the present case that any such marking took place outside this District. In support of the asserted venue rule, the defendant cites *Pentlarge v. Kirby,* 19 F. 501 (S.D.N.Y. 1884); *Winne v. Snow,* 19 F. 507 (S.D.N.Y. 1884); and *Felt v. Ronson Art Metal Works,* 107 F.Supp. 84 (D.Minn.1952). However, those cases, as well as *Hat-Sweat Mfg. Co. v. Davis Sewing-Machine Co.,* 31 F. 294 (S.D.N.Y.1887) and *Hotchkiss v. Samuel Cupples Wooden-Ware Co.,* 53 F. 1018 (E.D. Mo.1891), involved not 35 U.S.C. § 292, but its predecessor, 35 U.S.C. § 50, which specifically provided that a penalty for the offense was "to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed."

The language creating that venue rule was removed when Congress revised the statute in 1952 and approved the present 35 U.S.C. § 292. Shortly after the revision it was noted in *Julian B. Slevin Co. v. Bartgis Brothers Co.,* 142 F.Supp. 688, 690 (D.Md. 1956), that deletion of the venue provision might be interpreted to mean that 35 U.S.C. § 292 "now permits such a suit to be filed under 28 U.S.C. § 1395, wherever the defendant may be found." The Court considers that to be the proper reading of 35 U.S.C. § 292, consistent with the intent of the Congress and accepted principles of statutory construction.

In the *Pentlarge* case, *supra,* which first enunciated the narrow restrictive venue rule based on the mandatory language in 35 U.S.C. § 50, the court acknowledged that there existed good reasons for a more flexible venue provision.

> "There are, doubtless, strong grounds for permitting such actions to be brought . . . in districts other than that where the offense was committed, if that can be allowed consistently with the established rules of statutory construction. For if after falsely stamping such unpatented articles the offender, on immediately leaving the district, cannot be prosecuted elsewhere, it will plainly be very easy in many cases to evade the statute altogether." 19 F. at 505.

The *Pentlarge* court could not interpret the earlier statute in this way, since it found its language to be "not, in its reading, merely permissive. It seems to be mandatory in form—'to be recovered by suit in any district court of the United States within whose jurisdiction such offenses may have been committed.'" *Id.* In light of the 1952 revision of the statute, which removed this mandatory restrictive language, however, this Court is not similarly constrained.

The Court found one case, *Cornick v. Strey-Lenkoff Co.,* 134 F.Supp. 126 (W.D.

Ky.1955), decided under the revised language of 35 U.S.C. § 292, wherein the narrow venue rule of *Pentlarge* was applied to divest the district court of jurisdiction over a counterclaim for false marking, on the grounds that there was no proof the offense was committed within the judicial district. The *Cornick* court relied on the *Pentlarge* and *Hotchkiss* cases, *supra*, without a discussion of their reasoning or that they were decided under a different statute. Moreover, this ruling is only a minor aspect of the *Cornick* opinion; it is therefore not persuasive authority for interpreting the revised statute to mean the same as its significantly different predecessor.[1]

Accordingly, the Court holds that the special venue rule formerly embodied in 35 U.S.C. § 50 was repealed when that statute was revised and recodified as 35 U.S.C. § 292; furthermore, the proper venue rule for cases under 35 U.S.C. § 292 is contained in 28 U.S.C. § 1395(a), which affirmatively states: "A civil proceeding for the recovery of a pecuniary fine, penalty or forfeiture may be prosecuted in the district where it accrues or the defendant is found." The defendant's motion to dismiss the action is denied. The case is referred forthwith to the Magistrate for an immediate pre-trial conference. SO ORDERED.

---

1. Cf. *Smith Welding Equipment Corp. v. Pearl,* 21 F.R.D. 196, 197 (W.D.Pa.1956), which distinguishes *Cornick* because it dealt only with the offense of marking, whereas in *Smith* certain catalogs containing the allegedly false references to patents on tips for welding torches, although printed outside the district, were circulated therein. The *Smith Welding* court held that the circulation of 75 catalogs constituted "advertising" within the district in violation of the statute, making venue there proper regardless of where the products were marked or the catalogs printed. In the present case, the de-fendant is also accused of advertising the false patent number in connection with the marketing of his kicking tees; the complaint does not state where said advertising occurred. See also, *Lase Co. v. Wein Products, Inc.,* 357 F.Supp. 210, 213 (N.D.Ill.1973) (letter sent by defendant to plaintiff's distributors, which falsely stated that plaintiff's photographic "slave trigger" device infringed defendant's patent, when in fact defendant owned no patent, constituted advertising in violation of 35 U.S.C. § 292).