STEWART (CALVERT v.). See Case No. 2,-327.

## Case No. 13,424.

### STEWART v. DRASHA et al.

[4 McLean, 563.] [1]

Circuit Court, D. Michigan. June Term, 1849.

DISCOVERY—ANSWERS TENDING TO CRIMINATE—SUNDAY TRANSACTION—SUBSTITUTED NOTE.

1. A note being sent to the defendants to sign, for a debt acknowledged to be due, the defendants substituted a note for the same amount, dated on Sunday.

2. A bill of discovery was filed, in which the defendants were called to answer, as to the above fact

3. The defendants demurred, as the answer required would subject them to a penalty for a breach of the Sabbath. The court sustained the demurrer.

4. Also, they sustained a demurrer to that part of the bill, requiring the defendant Drasha, to answer whether he was not a lawyer, and did not write the note.

[This was a suit by John Stewart against Morgan S. Drasha and others.]

Mr. Joy, for complainant.

Mr. Howard, for defendant.

OPINION OF THE COURT. This is a bill of discovery to aid in a suit at law. The defendants being indebted to the plaintiff in $600, neglected to pay. Demand and protest being made, notice was given by letter that the note must be paid or suit would be commenced. Some correspondence took place, and defendants agreed to give a new note, including costs of protest, etc., payable in sixty days. Such a note was drawn and handed to one of the defendants to be taken to Pontiac, where they resided, to be executed. But, instead of signing the note given to them, they substituted another of the same amount, dated the 21st of March, 1847, the note sent being dated the 16th of March. The note substituted was dated on Sunday, and suit being brought the defense set up is, that the note being dated on Sunday, is illegal and can not be enforced.

A bill was filed in which the complainant called upon the defendants to answer the above facts. The defendants demur, on the ground, that by answering they would subject themselves to a penalty for a breach of the Sabbath.

The court sustained the objection as to the eighth interrogatory, "whether the said note was actually signed by all of the said defendants on the day it bears date, and if not, then which of the said defendants did not sign

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. John McLean, Circuit Justice.]

the same on that day." As the statute inflicts a penalty for a breach of the Sabbath, which, we suppose, consists in doing an act on that day not lawful to be done, we are bound to sustain the demurrer. At the same time we can not forbear to say that the objection, under the circumstances, comes with a bad grace from the defendants. It would seem such an objection, where the act of giving the note was the act of the defendants, and against the request of the complainant, authorizes the presumption that the note was dated on the Sabbath, with the view to the objection now made.

The court also sustained the demurrer to the tenth interrogatory, "whether the said Morgan S. Drasha is not a lawyer by profession, and whether the said note so substituted was not written by him, or by some one in his presence and by his direction."

The other interrogatories the court required the defendants to answer.