## TAFT v. STEPHENS LITH. & ENG. CO.

*(Circuit Court, E. D. Missouri, E. D.   March 26, 1889.)*

1. COPYRIGHT—FORFEITURES—FALSE NOTICE.
    Rev. St. U. S. § 4963, provides that every person who shall insert or impress notice of copyright on any article not copyrighted "shall be liable to a penalty of $100, recoverable, one-half," etc.   *Held,* that though, where one on different days under different circumstances prints separate copies, each separate transaction may constitute a separate offense, yet that the printing of many copies as a single continuous act is but one offense, and each imprint is not a separate cause of action.
2. SAME—QUI TAM ACTION—PETITION.
    A petition alleged that on a certain day, and at divers times between that day and the commencement of the action, defendant engraved, etc., and sold to the number of 10,000 copies, a certain print, etc.   *Held,* that but one cause of action for a single penalty of $100 was stated.
3. SAME—ARTICLE NOT SUBJECT TO COPYRIGHT.
    The article upon which the false notice was placed was described in the petition, the description showing it to be the subject-matter of copyright; but the petition further averred that the article was not subject to copyright.   *Held,* that in such an action the court will not labor on demurrer to reconcile inconsistencies in pleading, and that, as the penalty is not recoverable for placing the notice on an article that cannot be copyrighted, the petition was bad.

At Law. On demurrer to petition.   For opinion on plea to the jurisdiction, see 37 Fed. Rep. 726.

*W. E. Fisse,* for plaintiff.

*Paul Bakewell,* for defendant.

BREWER, J.   This is a demurrer to the petition.   The action is a *qui tam* action brought by the plaintiff as informer under section 4963, Rev. St. U. S., to recover the penalty therein named.   The petition alleges that the defendant printed and circulated 10,000 copies of a chromo, which is described, putting on each the word "copyrighted," or some equivalent word.   The section provides that "every person who shall in-

sert or impress such notice, or words of the same purport, in or upon any book, map, chart, musical composition, print, cut, engraving, or photograph, or other article for which he has not obtained a copyright, shall be liable to a penalty of one hundred dollars, recoverable, one-half for the person who shall sue for such penalty, and one-half to the use of the United States." The petition alleges that the defendant thus printed and issued 10,000 copies, and plaintiff asks judgment for $100 penalty for each copy, or $1,000,000 in gross. All this is stated in one count; and one ground of challenge is that either there are 10,000 different causes of action, which should each be stated in a separate count, or, if there is but one cause of action, a single penalty of $100 only is recoverable, and the amount prayed for is excessive. The plaintiff pleads the great trouble and inconvenience there would be in setting out 10,000 causes of action. We think that the rule is unquestioned, and see no reason why it should be deviated from in a case like this. Plaintiff is not suing for the value of his services, or for injury to his property, but simply to make profit to himself out of the wrongs of others; and when a man comes in as an informer, and in that attitude alone asks to have a half million dollars put into his pocket, the courts will never strain a point to make his labors light, or his recovery easy. So that, if each separate imprint is a separate cause of action, we have no doubt that the petition is demurrable as joining 10,000 causes of action in a single count. But we think that, fairly construed, there is only one cause of action stated. The petition alleges " that heretofore, to-wit, on the 2d day of November, A. D. 1888, and at divers times between said day and the commencement of this action, the said defendant did engrave, print, publish, and sell to the number of 10,000 copies, a certain print, etc." Now, the language of the statute is not "for each copy;" and while it may be true that if, upon different days, under different circumstances, the defendant printed separate copies, each transaction thus separate would constitute a separate offense, yet when the printing of many copies is a single continuous act, only one offense is committed thereby We had a similar question under the election statutes a year or two since, where false registrations were charged.[1] We held there that where several names were falsely registered, and all done at one time, and as a single continuous act, it constituted but one offense, although, if registered on different days, and under different circumstances, they might constitute separate offenses. Here the allegation is that "on the 2d of November, and at divers times" thereafter. This of course suggests a separation, at least in the matter of time. Yet, if the pleader claims that there were separate and distinct offenses, there should be a clear divergence of each transaction, both as to time and circumstances, and the court in a *quasi* criminal action ought to hold the pleader to language free from doubt, and hold, as to a pleading like this, that it simply alleges a continuous action in the printing and issuing of these 10,000 copies, and as such states but a single offense.

---

[1] U. S. v. Eagan, 30 Fed. Rep. 498.

Another ground of demurrer is that the chromo upon which the word "copyrighted" was placed was not the subject of copyright. The law is clear that no offense is committed when the word "copyrighted" is placed upon an article that is not the subject-matter of copyright,—that cannot be copyrighted. The law is designed to guard against deception, and no one is deceived when the word "copyrighted" is placed upon an article that cannot be copyrighted, such as a kitchen stove, or a railroad car. Now, the plaintiff in this case describes the chromo, and the description discloses an article which could be copyrighted, and, if the petition stopped with this description, it would doubtless be sufficient. But it goes further, and alleges that "said printing and chromo has not been copyrighted by the defendant or any other person, nor was the same subject to copyright under said laws." Thus it appears that the averment of disability is not limited to the person, but is cast upon the print. It was not the subject of copyright. There is in this an apparent contradiction to that which might be inferred from the language of description. Counsel suggests that the thought he had was that under the particular circumstances this print could not be copyrighted, and it is possible that there might be circumstances which would thus at the time exclude this print from copyright, although in its nature it was the subject-matter of copyright. But in a criminal or *quasi* criminal action the pleading should be clear and consistent. The court is not called upon to strain any language to remove doubt or secure consistency. There should be no labored effort at reconciliation of apparently contradictory averments, at least when the pleading is challenged before trial. So, because it is alleged that the print was not the subject of copyright, we think the demurrer should be sustained, and it is so ordered. Subsequent pleading may be prepared with reference to the views of the offense as above expressed. Plaintiff will be granted 30 days in which to file an amended petition, and defendant 30 days thereafter to plead thereto.