## TAFT *v.* STEPHENS LITHOGRAPHING & ENGRAVING Co.

*(Circuit Court, E. D. Missouri, E. D.*   September 16, 1889.)

COPYRIGHT LAWS—VIOLATION—PENALTY.

Where a number of chromos, all bearing the word "copyrighted," in violation of Rev. St. U. S. § 4963, which provides a penalty for such offense, were struck off each day on several succeeding days, such chromos being of the same kind, except that each respective issue bore the name of a different firm by way of advertisement, the penalty is recoverable for each issue.

At Law. On motion to strike out part of amended petition. For opinion on demurrer to petition, see 38 Fed. Rep. 28. For opinion on plea to jurisdiction, see 37 Fed. Rep. 726.

*W. E. Fisse*, for plaintiff.

*R. A. & Paul Bakewell* and *W. B. Thompson*, for defendant.

THAYER, J. At the last term of this court we held in this case that when the word "copyrighted" is impressed on a large number of chromos of the same kind, that have not in fact been copyrighted, and the impression upon each and all is made under the same circumstances, and at or about the same time, so that the act is practically "a single continuous act," only one penalty of $100 is recoverable under section 4963, Rev. St. U. S. We called attention on that occasion to the fact that the statute does not impose a penalty for each imprint of the word "copyrighted" wrongfully made on an engraving, map, or chromo. 38 Fed. Rep. 28.

The present motion raises the question whether more than one penalty is recoverable in a case where 2,000 chromos wrongfully bearing the word "copyrighted" were struck off each day for 25 consecutive days, the chromos so struck off on the respective days being of the same kind, and differing only in the respect that each day's issue had printed thereon, by way of advertisement, the name of a firm different from that appear-

ing on every other day's issue. While it is clear that the statute does not impose a penalty of $100 for each imprint of the word "copyrighted" wrongfully made on an engraving or chromo, where numerous copies of the same chromo or engraving are struck off practically at the same time, yet we think it equally clear that the penalty is not strictly limited to $100, no matter how many copies have been published, in all cases where the charge relates to the same print, engraving, or chromo. The latter construction would sometimes defeat the purposes of the law, as persons might well afford in some instances to pay a single penalty for the privilege of making a fraudulent use of the word "copyrighted," or some equivalent expression, on many copies of an engraving, print, or chromo. Congress intended to punish each and every wrongful act that was a complete transaction in itself, and hence, under certain circumstances, more than one penalty may be recovered for fraudulently affixing the word "copyrighted" to more than one copy of the same print, engraving, or chromo. When the continuity of an act is broken by lapse of time or other circumstances,—as where a number of chromos are struck off on one day for a particular customer with the word "copyrighted" wrongfully affixed thereto, and on a succeeding day or several succeeding days other copies of the same are struck off for other customers, each bearing the fraudulent mark in question,—the several acts are so far separate and distinct that each may, in our judgment, be counted upon as a separate offense. We accordingly overrule the motion to strike out all of the counts but the first, holding that the plaintiff in his amended petition has sufficiently alleged the commission of distinct offenses for which several penalties may be recovered.