### HOYT v. COMPUTING SCALE CO.

(District Court, S. D. Ohio, W. D. July 22, 1899.)

#### No. 1,771.

PATENTS—ACTION FOR PENALTIES—PLEADING.

In an action in a federal court in Ohio to recover penalties for marking unpatented articles as patented, plaintiff alleged, in substance, that defendant, on a certain date, and each and every working day thereafter until the commencement of the suit, did "mark upon 1,500 spring-balance computing scales the words and figures, 'Patented Feb. 13—94,'" and asked judgment for $150,000. *Held*, that each marking, or at least the markings done on each day or time of marking, constituted a separate cause of action, and defendant was entitled under the Ohio statute to have the different causes of action separately stated and numbered.

This was an action at law by George B. Hoyt against the Computing Scale Company to recover penalties under the patent laws. The case was heard on a motion by defendant to require plaintiff to separately state and number his causes of action.

W. T. Porter, for plaintiff.

McMahon & McMahon, for defendant.

THOMPSON, District Judge. This cause is submitted to the court upon a motion to require the plaintiff to separately state and number his causes of action. The petition charges, in substance, that the defendant, on the 15th day of June, 1898, and on each and every day thereafter (Sundays and legal holidays excepted) until the commencement of the suit, did, contrary to the statutes of the United States, and for the purpose of deceiving the public, mark upon 1,500 spring-balance computing scales the words and figures, "Patented Feb. 13—94," and asks judgment for $150,000, one-half to be paid to the United States, and the other half to the plaintiff. It will be seen that the plaintiff treats each marking as a separate and distinct offense, and claims a penalty of $100 therefor. If each marking be a separate cause of action or offense, the defendant, under the provisions of section 5061 of the Ohio Revised Statutes, is entitled to have them separately stated and numbered. They may differ in time only, and not in circumstances, but the defendant has a right to know, before being called on to answer, how many scales were marked each day or time of marking. He is entitled to an opportunity to admit or deny the facts constituting each separate cause of action. And, while the plaintiff treats each marking as a separate cause of action, yet it is a question whether the continuous markings of a day or given time would constitute more than a single cause of action,—a question which I do not now decide, although I am inclined to the opinion that it would constitute but one cause of action. I think it but fair to the defendant that he should be advised by the petition whether each marking is or is not distinct from the others in point of time and circumstances. Whatever discretion a federal court may be vested with to depart from the state practice where the due enforcement of the laws of the United States requires it, that discretion cannot be invoked in such a case as this, not only because the enforcement of the rule prescribed by section 5061 of the Ohio Revised Statutes is necessary to the protection of the rights of the defendant, but, as is said in Taft v. Engraving Co., 38 Fed. 29:

"The plaintiff is not suing for the value of his services, or for injury to his property, but simply to make profit to himself out of the wrongs of others; and when a man comes in as an informer, and in that attitude alone asks to have a half million dollars put into his pocket, the courts will never strain a point to make his labors light or his recovery easy."

The motion, therefore, will be sustained.