NEWGOLD v. AMERICAN ELECTRICAL NOVELTY & MFG. CO.

(District Court, S. D. New York. April 17, 1901.)

1. DISCOVERY—REQUIRING PRODUCTION OF BOOKS OR PAPERS—ACTION FOR PENALTY.

In a qui tam action under Rev. St. § 4901, to recover the penalties thereby imposed for falsely marking an article as patented, the defendant cannot be compelled, under section 724, to produce books or papers containing evidence against himself, either for use in evidence or for the inspection of the plaintiff before the trial. Such an action is penal in

character, while section 724 expressly applies only to cases where the party might be compelled to produce the books or papers "by the ordinary rules of proceeding in chancery," which never allowed a bill of discovery to be maintained in aid of an action for a penalty or forfeiture.

2. SAME—WAIVER OF PRIVILEGE.

The fact that a party produced certain books or papers in an equity suit is not a waiver of his privilege to refuse to produce them in another action against him to recover a penalty, in which they are desired to furnish evidence against him.

At Law. On motion to compel defendant to produce books and papers.

Clifford E. Dunn, for plaintiff.

Ewing, Whitman & Ewing, for defendant.

BROWN, District Judge. In the above qui tam action, which is brought under section 4901 of the United States Revised Statutes for the recovery of $40,000 for the alleged false marking of 400 articles as patented, a motion is made that the defendant be compelled to produce its books and papers before trial for examination by the plaintiff, for the purpose of showing the number of penalties alleged to have been incurred.

The right to the production or discovery of these papers is based upon section 724 of the United States Revised Statutes, which provides as follows:

"Sec. 724. In the trial of actions at law, the courts of the United States may, on motion and due notice thereof, require the parties to produce books or writings in their possession or power, which contain evidence pertinent to the issue, in cases and under circumstances where they might be compelled to produce the same by the ordinary rules of proceeding in chancery."

In the case of Bloede Co. of Baltimore City v. Joseph Bancroft & Sons Co. (C. C.) 98 Fed. 175, it was held that the provisions of the above section, together with other provisons of the state statute, would authorize an order for the production of books and papers before the trial, as well as at the trial itself.

Without considering the other objections that have been raised to the relief sought, it is sufficient to point out that the last clause of the section above quoted, as well as the provisions of section 860 of the United States Revised Statutes forbids the granting of this motion. The language of section 4901 expressly describes the recovery in actions like the present as the recovery of a "penalty." For every such offense it is declared "the defendant shall be liable to a penalty of not less than $100; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States to be recovered by suit," etc.

In the case of French v. Foley (D. C.) 11 Fed. 801, 804, this statute was described as being "a highly penal one," and the rules applicable to penal statutes were considered to be applicable to section 4901. I do not see how it can be otherwise construed; and upon this view of the statute, a motion like the present cannot prevail. In the case of Counselman v. Hitchcock, 142 U. S. 547, 563, 12 Sup. Ct. 198, 35 L. Ed. 1114, it is said:

"It is an ancient principle of the law of evidence, that a witness shall not be compelled, in any proceeding, to make disclosures or to give testimony which will tend to criminate him or subject him to fines, penalties or forfeitures:"

—And numerous cases are there cited to that effect. See, also, In re Feldstein (D. C.) 103 Fed. 269. The provision of section 724 above quoted, expressly limits its application to cases and circumstances where the party "might be compelled to produce the books and papers by the ordinary rules of proceeding in chancery." But no such production as here sought would be required by the ordinary rules of proceeding in chancery for use in an action for penalties like the present. "It is a universal rule in equity," says Story, J., "never to enforce either a penalty or a forfeiture; and a bill of discovery will not lie in a case which involves a penalty or a forfeiture." 2 Story, Eq. Jur. §§ 1319, 1494, 1509; Story, Eq. Pl. § 575; 1 Greenl. Ev. § 4512; Fost. Fed. Prac. § 84, p. 140; Stewart v. Drasha, 4 McLean, 563, Fed. Cas. No. 13,424; Atwill v. Ferrett, 2 Blatchf. 39, 44, 45, Fed. Cas. No. 640; Johnson v. Donaldson, 18 Blatchf. 287, 288, 3 Fed. 22; U. S. v. White (C. C.) 17 Fed. 561, 565.

Section 860 of the United States Revised Statutes, moreover, provides that no "discovery or evidence obtained from a party or witness by means of a judicial proceeding in this or any foreign country shall be given in evidence, or in any manner used against him * * * in any court of the United States in any criminal proceeding or for the enforcement of any penalty or forfeiture." See, also, the case of Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, where the general subject is considered in its broadest relations, and even an express provision of an act of congress for the discovery of books and papers was held to be unconstitutional and void.

In the case of Johnson v. Donaldson, 18 Blatchf. 287, 3 Fed. 22, where "forfeitures" of money and property were sought under section 4965 for an unauthorized sale of copyrighted chromos, it was held by Wallace, J., on appeal for the reasons above stated that no error was committed by the court below in refusing to compel the defendant to furnish evidence against himself by the production of his books and papers. In section 4965, which was under consideration in that case, the language of the statute is that an offender "shall forfeit to the proprietor all the plates, and shall further forfeit $1, for every sheet of the same found in his possession, and in case of a painting," etc., "he shall forfeit $10 for every copy of the same in his possession or by him sold or exposed for sale; one-half thereof to the proprietor and the other half to the use of the United States." The action was treated as of course one for a penalty or forfeiture.

In the case of Brady v. Daly, 175 U. S. 148, 20 Sup. Ct. 62, 44 L. Ed. 109, where "damages" were sought to be recovered under section 4966 for an unauthorized performance of a copyrighted dramatic composition, it was held that actions under that section were not penal actions, referring to the previous ruling and discussion of that subject by the supreme court in the case of Huntington v. Attrill, 146 U. S. 657, 667, 13 Sup. Ct. 224, 36 L. Ed. 1123. The grounds of the decision were that section 4966 describes the recovery as "damages" for the

private wrong alone, and it is not called a penalty or a forfeiture; and because the recovery inures wholly to the person injured.

Qui tam actions like the present are expressly distinguished, in which the recovery inures in part to the government and is given to redress a wrong to the public, as well as to the individual. Section 4901, moreover, under which the present action is brought, not only describes the recovery as a penalty, but omits altogether any special reference to any private injury to the patentee, but seems to contemplate only the deceit of the public and the public wrong; and it accordingly makes the penalty recoverable "by the person who shall sue for the same" one half for his benefit, and the other half to the use of the United States, without distinction whether the suitor be the patentee or an informer.

Upon the reasoning and authority of the decisions last cited, I cannot doubt that the rulings in Johnson v. Donaldson and in French v. Foley, supra, holding that actions under section 4901 and section 4965 are penal actions were correct, and that the defendants therefore cannot be required to furnish evidence against themselves.

The moving affidavits do not show any waiver of defendant's privilege, but only that in a prior equity suit between other parties, an officer of the defendant voluntarily testified that the mark here complained of had been affixed by defendant to certain goods. That would not operate as a waiver in this action; nor were any books there produced. Before this motion was made the defendant refused to produce its books. Even had they been produced in another suit for another purpose, and on a different issue, that would not constitute any waiver in this suit for penalties. On that point the case of Daly v. Brady (C. C.) 69 Fed. 285, is precisely applicable, and as to that point there has been no reversal.

As it is clear that no evidence obtained by the plaintiff in the way desired could be used by him on the trial, the motion must be denied.