## LONDON v. EVERETT H. DUNBAR CORPORATION.

(Circuit Court of Appeals, First Circuit. June 21, 1910.)

No. 861.

1. PATENTS (§ 224*)—FALSELY MARKING ARTICLE AS PATENTED—ACTION FOR PENALTY.

Rev. St. § 4901 (U. S. Comp. St. 1901, p. 3388), which imposes a penalty for every offense of marking upon or affixing to any unpatented article the word "patent," or any word importing that the same is patented, for the purpose of deceiving the public, does not prescribe a distinct penalty for each individual article marked, but merely for the offense of marking; and, in order to authorize the recovery of more than a single penalty, the proof must go further than to show the marking of a number of articles, and must be sufficiently specific as to time and place and circumstance to show a number of distinct offenses of marking, although it need not show the specific date of each.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 354, 355; Dec. Dig. § 224.*]

2. PATENTS (§ 224*)—FALSELY MARKING ARTICLE AS PATENTED—ACTION FOR PENALTY.

To authorize the recovery of the penalty imposed by Rev. St. § 4901 (U. S. Comp. St. 1901, p. 3388), for marking upon or affixing to an unpatented article a word importing that the same is patented, for the purpose of deceiving the public, such purpose must be proved, and where the article is sufficiently like that described in a patent to permit of an honest belief that it is within the patent, although on a construction of the patent the court is required to rule that it is not, the question of the intent of defendant in marking it as covered by the patent is one for the jury.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 355; Dec. Dig. § 224.*]

3. PATENTS (§ 224*)—FALSELY MARKING ARTICLE AS PATENTED—LIABILITY OF CORPORATION—"PERSON."

A corporation is a "person," within the meaning of Rev. St. § 4901 (U. S. Comp. St. 1901, p. 3388), which imposes a penalty on "every person" who marks an unpatented article with any word importing that the same is patented for the purpose of deceiving the public, and may be convicted of such offense.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 354; Dec. Dig. § 224.*

For other definitions, see Words and Phrases, vol. 6, pp. 5322–5335; vol. 8, p. 7752.]

4. WITNESSES (§ 297*)—PRIVILEGE—OFFICER OF CORPORATION.

An officer of a corporation is not privileged from giving testimony as a witness because it may tend to convict the corporation of a penal offense.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1026, 1031; Dec. Dig. § 297.*]

5. WITNESSES (§ 307*)—PRIVILEGE—PERSONS ENTITLED TO CLAIM PRIVILEGE.

The claim that a witness is privileged from answering a question cannot be asserted on behalf of a third person.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1058–1060; Dec. Dig. § 307.*]

In Error to the District Court of the United States for the District of Massachusetts.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by George G. London against the Everett H. Dunbar Corporation. Judgment for defendant, and plaintiff brings error. Reversed.

Charles W. Lovett and N. D. A. Clarke, for plaintiff in error.

William Quinby (Marcus B. May, on the brief), for defendant in error.

Before COLT and LOWELL, Circuit Judges, and BROWN, District Judge.

BROWN, District Judge. This is a writ of error for review of the rulings of the District Court in a qui tam action, brought under the third paragraph of section 4901, Rev. St. (U. S. Comp. St. 1901, p. 3388), to recover a penalty or penalties for affixing to an unpatented article the word "patent," or a word importing that the same is patented, for the purpose of deceiving the public.

"Sec. 4901. Every person who, in any manner, marks upon anything made, used or sold by him for which he has not obtained a patent, the name or any imitation of the name of any person who has obtained a patent therefor without the consent of such patentee, or his assigns or legal representatives; or

"Who, in any manner, marks upon or affixes to any such patented article the word 'patent' or 'patentee,' or the words 'letters patent,' or any word of like import, with intent to imitate or counterfeit the mark or device of the patentee, without having the license or consent of such patentee, or his assigns or legal representatives; or

"Who, in any manner, marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, for every such offense, to a penalty of not less than one hundred dollars, with costs; one half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any District Court of the United States within whose jurisdiction such offense may have been committed."

The declaration contains 100 counts, each claiming a penalty of $100, one-half to the use of the United States and one-half to the plaintiff; the time and place of the alleged offense being set forth in the following language in each count:

"At Lynn, in the county of Essex and commonwealth of Massachusetts, within said district of Massachusetts, on or about the 10th day of August, 1908."

The only variation in the counts is in the numbering and in the use of the expression "a certain unpatented article" in count 1, and "a certain other unpatented article" in all the other counts.

At the argument before us it was contended by the plaintiff in error, and conceded by the defendant in error, that the statute does not prescribe a distinct penalty for each individual article marked, but merely a penalty for the offense of marking, and that, therefore, where the marking is all done on the same day and at the same time, so that it is practically a single, continuous act, but one offense is committed and only a single penalty is recoverable, though more than one article may have been marked. This is in accordance with the ruling in Hotchkiss v. Samuel Cupples Wooden Ware Co. (D. C.) 53 Fed. 1018–1021. See, also, Hoyt v. Computing Scale Co. (D. C.) 96 Fed. 250.

A like construction was given to section 4963 (page 3412), which provides a similar penalty for impressing a notice of copyright upon an article for which the offender has not obtained a copyright. Opinion by Brewer, J., in Taft v. Stephens Lith. & Eng. Co. (C. C.) 38 Fed. 28. See, also (C. C.) 39 Fed. 781.

In the act of July 8, 1870 (16 Stat. 198, c. 230), "An act to revise, consolidate, and amend the statutes relating to patents and copyrights," similar penalties were prescribed in section 39, relating to patents, and in section 98, relating to copyright; section 39 corresponding in substance to section 4901, Rev. St., and section 98 to section 4963, Rev. St. Decisions construing section 4963, therefore, seem applicable in construing section 4901. As section 4901 is not compensatory, but penal, a fair doubt whether it was the intent of Congress to make the marking of each individual article a separate offense subject to a distinct penalty, or to provide that a continuous marking of several articles at the same time should constitute but a single offense, should be solved in favor of a construction which will avoid imposing very unequal pecuniary punishment for the same offense. Patented articles are so varied in kind and in value that, if we construe the statute to make each distinct article the unit for imposing the penalty, the result may follow that the false marking of small or cheap articles in great quantities will result in the accumulation of an enormous sum of penalties, entirely out of proportion to the value of the articles, while the marking of expensive machines used in limited numbers may result in the infliction of penalties which are comparatively slight in relation to the pecuniary value of the articles.

As the penalty is not measured by the extent of publication of the false statement, the statute must be read as making the fraudulent purpose or intent to deceive the public the gravamen of the offense, and the marking as the overt act whereby the intent is made manifest.

A fraudulent design maintained throughout the continuous marking of a number of articles cannot be divided into as many distinct fraudulent purposes as there are distinct overt acts of marking. Though the marking of each article makes a distinct instrument for the publication of a false statement, this cannot be a proper ground for multiplying penalties. The statute does not measure the penalty by the extent of publication, but affixes the penalty regardless of the fact of publication. It can hardly have been the intent of Congress that penalties should accumulate as fast as a printing press or stamping machine might operate. See U. S. Condensed Milk Co. v. Smith, 116 App. Div. 15, 101 N. Y. Supp. 129.

It follows that a plaintiff, in order to recover more than a single penalty, must go further than to prove the marking of a number of unpatented articles. The proof must be sufficiently specific as to time and circumstances to show a number of distinct offenses, and to negative the possibility that the marking of the different articles was in the course of a single and continuous act.

It follows also that, though a single violation of the statute may be proved by general evidence that the article was falsely marked within the period of the statute limitations, yet concerning an article of the character in question in this suit there can arise no presumption that

each act of marking was so separated from the others as to constitute a distinct offense. Assuming that there was evidence sufficient to show the marking of 100 articles within the statutory period, without evidence of separate acts of marking, it could not be known whether these false markings were all parts of one continuous offense subject to one penalty, or were each a part of a distinct offense. In order to prove distinct offenses, however, it was not essential that the plaintiff should be able to prove the specific date of marking. It was sufficient if the evidence showed such divergence of time and circumstances as to make one act of marking separable and distinct from other acts of marking. For example, proof of one act of marking in June, and of a distinct and separate act of marking in July, might be sufficient to show two offenses, though the plaintiff were unable to fix the exact date in either month.

The commission of a single offense could be proved by evidence that the marking was done within the period of limitations. The ruling that the plaintiff was bound to prove some specific date of marking, and could not recover without doing so, was error.

The excluded question which is the subject of the second assignment of error was too broad, in that it was not limited to the period of the statute of limitations. The court, however, ruled in substance that, even if limited to this period, the question was too general. As bearing upon the plaintiff's right to recover several penalties, the question, so limited, was perhaps too general; but we are of the opinion that it was competent for the purpose of proving the commission of a single offense, and that its exclusion was error.

For reasons substantially similar we are of like opinion as to the third, fourth, fifth, and sixth assignments of error. Concerning these it may be said that evidence not sufficiently specific to prove the commission of several different offenses was yet competent evidence upon the question whether a single offense had been committed.

The article marked with the words "Dunbar's Foot Support, Pat. Feb. 27, 1900," was an instep arch supporter designed to be worn as a corrective of flat-foot, and to afford a rigid support. The Dunbar patent, No. 644,412, February 27, 1900, is for a cushioning device, consisting of a plate provided with rubber studs interposed between the plate and shoe, to reduce the shock or pounding caused by interposing an unyielding body between the foot and ground.

In our opinion the instep arch supporter would not infringe the Dunbar patent, since it is substantially different both in structure and in function from the combination of that patent.

We are of the opinion that there was error in the ruling that Exhibit 2, the instep arch support, was covered by patent No. 644,412, and also in the ruling that, even if said arch support was unpatented, there was no evidence sufficient to warrant a verdict on any count.

The evidence was at least sufficient to require the submission to the jury of the question whether the plaintiff was entitled to the recovery of a single penalty.

Of course, it does not follow, from the fact that the article was unpatented, that there was necessarily a purpose to deceive the public in marking it patented. The purpose to deceive the public is an essential

element of the offense, and the burden is upon the plaintiff to establish this purpose, as well as the fact that the article is unpatented. The statute does not extend to one who has an honest, though mistaken, belief that upon a proper construction of the patent it covers the article which he marks. The question of guilt does not depend upon such close or exact construction of the patent as is usual upon bills for infringement where the issue is as to the extent of a patentee's right under letters patent. Where the article marked is obviously very remote from the patent referred to in justification of the marking, this difference alone may be sufficient to show an intention to deceive; but where the difference is slight, and the question of the breadth of the invention or of the claims is so close as to permit of an honest difference of opinion, then it may become necessary for the plaintiff to adduce testimony additional to the fact that the article is unpatented, in order to show guilty knowledge as distinguished from erroneous opinion.

We are of the opinion that in the present case the court should have ruled as a matter of law that the article marked was not patented under the Dunbar patent. This follows from a construction of the terms of the patent and an attempt to read its claims upon the article marked. But, though the article was without the terms of the patent, the question of the defendant's good faith in assuming it to be within the patent was a question of fact for the jury. There was not so great a difference between the device of the patent and the article marked as to require the court to rule that no reasonable man could have entertained an opinion that the article marked was covered by the Dunbar patent, and it was for the jury to determine whether the article was marked for the purpose of deceiving the public.

The defendant contends that this offense is one that cannot be committed by a corporation; but we are of the opinion that this objection is without merit, in view of the decisions of the Supreme Court of the United States in New York Central & Hudson River Railroad Co. v. United States, 212 U. S. 481, 29 Sup. Ct. 304, 53 L. Ed. 613, and in United States v. Union Supply Co., 215 U. S. 50–54, 30 Sup. Ct. 15, 54 L. Ed. ——.

The defendant corporation objected to testimony offered for the plaintiff from the treasurer of the defendant corporation. The defendant objected upon the ground, first, that the witness was privileged as an officer of the corporation from giving any testimony tending to connect it with the alleged acts complained of. This was clearly unsound. See Hale v. Henkel, 201 U. S. 43, 26 Sup. Ct. 370, 50 L. Ed. 652. And, further, that he was privileged from answering any inquiry the answer to which might subject him to a penalty; but this privilege was not claimed by the witness on his own behalf, but claimed by counsel for the defendant on behalf of the defendant corporation. It is unnecessary to cite authority to sustain the proposition that such a claim of privilege cannot be asserted by a third person. This exclusion of testimony was erroneous.

The judgment of the District Court is reversed, the verdict directed by the District Court for the defendant is set aside, and the case is remanded to that court for further proceedings not inconsistent with this opinion, and the plaintiff in error recovers costs of this court.