**ZUCKERMAN v. PILOT et al.**

District Court, S. D. New York.
Jan. 12, 1940.

Zelig R. Nathanson, of New York City, for plaintiff.

Abraham H. Brown, of New York City, for defendants.

HULBERT, District Judge.

Defendants move under Rule 30(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to vacate a notice to take their depositions orally pursuant to notice heretofore served by the plaintiff, upon the ground that said examination is sought in bad faith and for the purpose of annoying and embarrassing the defendants and moreover subjects them to a penalty or forfeiture and may tend to incriminate them, and that they are therefore privileged in refusing to answer any questions involved in the issues of this action.

The suit is one for damages under Section 50 of Title 35 U.S.C.A. The defendants are charged with intent to deceive the public by causing a patent number to be affixed to articles which were not manufactured under U. S. Letters Patent designated by such number.

The defendants contend that under the practice prevailing prior to the effective date of the Federal Rules of Civil Procedure such examination is unauthorized and rely, inter alia, upon Newgold v. American Electrical Novelty & Mfg. Co., 108 F. 341, decided in this District April 17, 1901.

With that contention I am not in accord. See Moore's Federal Practice Act Under the New Federal Rules (1938) Vol. 2, Sec. 26.03, pages 2455 and 2456, and Dyer-Smith Federal Examinations before Trial (1939 Edition) page 41.

Such order as the Court is authorized to make pursuant to Rule 30(b) shall be "upon notice and for good cause shown".

There is nothing attached to the notice of motion in this case except a copy of the notice sought to be vacated. On the argument defendants' counsel submitted the pleadings, but I am constrained to hold this is not a compliance with the Rule.

However, Rule 30(d) provides that at any time during the taking of a deposition " * * * upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party, the court * * * may order the officer conducting the examination to cease forthwith from taking the deposition, or may limit the scope and manner of the taking of the deposition as provided in subdivision (b)."

This rule clearly presupposes that the Court will have before it some record of what has theretofore transpired in order to act, in that contingency, as authorized by subdivision (b). But that situation has not developed so that subdivision (d) is not applicable.

So far as penalty and incrimination are concerned, either, or both of the defendants may plead their constitutional privilege upon the examination and secure a ruling, but it would appear from the answer of the defendants that the occasion for so doing is hardly likely to arise.

Motion denied without prejudice to a proper application pursuant to the provisions of Rule 30(d) if and when the necessity therefor arises. Settle order on notice.