478

## ZUCKERMAN v. PILOT et al.

District Court, S. D. New York.
July 23, 1940.

Louis W. Arnold, Jr., of New York City, for plaintiff.

Abraham H. Brown, of New York City, for defendants.

LEIBELL, District Judge.

Plaintiff moves, with supporting affidavits, for summary judgment under Rule 56(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The amended complaint sets forth six alleged causes of action under 35 U.S.C.A. § 50 (third paragraph), which reads as follows:

"Who, in any manner, marks upon or affixes to any unpatented article the word 'patent,' or any word importing that the same is patented, for the purpose of deceiving the public, shall be liable, for every such offense, to a penalty of not less than $100, with costs; one-half of said penalty to the person who shall sue for the same, and the other to the use of the United States, to be recovered by suit in any district court of the United States within whose jurisdiction such offense may have been committed."

Plaintiff, a lawyer, sues on behalf of himself and the United States to recover in each cause of action the sum of $65,000, as a penalty at the rate of $100 a day for 650 days during which he alleges the defendants unlawfully affixed to certain brassieres the "patent number" of a patent for a brassiere, issued to one of the defendants, Israel Pilot, by the United States Patent Office June 30, 1936. The other defendant is Fanny E. Pilot, the wife of Israel, engaged with him in business under the trade name of D'Amour Foundations. Plaintiff pleads that the brassieres to which the defendants attached the patent number were not manufactured according to the patent and were therefore unpatented. Although the garments were manufactured by defendant and he owned the patent, plaintiff contends that defendant nevertheless has laid himself open to a suit by plaintiff, as an informer, for a penalty of $390,000 under the statute. (In a memorandum on this motion plaintiff's counsel states that he "is not so naive as to believe" that penalties running into hundreds of thousands of dollars will be assessed against the defendants.)

Each cause of action relates to a different style number of a brassiere manufactured by defendants. As to one of the style numbers (No. 371), the defendant patent owner denies that he ever authorized the

affixing of any reference to his patent to any of the brassieres of that style manufactured by defendants. In the course of the examination before trial of Israel Pilot, two garments of style No. 371 were produced · by plaintiff's attorney and were shown to the witness. One of them (Ex. 6) had a reference to the patent number attached to it and the other (Ex. 7) had only a reference to the trade name "Wonderbras" with the words, "Reg. U. S. Pat. Off." Israel Pilot's denial that he ever authorized the use of the patent number on style No. 371 is supported by an affidavit of the woman who was in charge of his factory. He asserts that if any article of style No. 371 had a patent number attached, it was by mistake and contrary to the orders given his employees.

As to the other five style numbers, defendants submit the affidavit of an experienced patent attorney who expresses the opinion that the brassieres manufactured by defendants under those style numbers came within the claims of defendant's patent No. 2,045,871 issued June 30, 1936. The defendant patent owner in his deposition also makes the same contention. On this issue plaintiff relies on the deposition of the defendant Israel Pilot and on affidavits of a brassiere designer and of a manufacturer.

In my opinion there are, as above indicated, genuine issues of material facts raised by these conflicting affidavits, which should be determined by a trial.

Further, the statute requires as one element of the cause of action that the affixing, to an unpatented article, of the reference to a patent must be "for the purpose of deceiving the public," before any liability for the penalty may be imposed. The issue of intent is an important issue in the case, on which testimony should be taken at the trial. Plaintiff's affidavits contain many conclusions and in some respects are not even hearsay. The intent to deceive must be present to warrant a recovery. If a person affixes on an unpatented article a reference to a patent and does so in the mistaken belief as to his right to do so, there can be no recovery of the penalty by the informer. See, A. B. Dick Co. v. Fuerth, C.C., 57 F. 834, 841; Folberth Auto Specialty Co. v. Mayo-Skinner Mfg. Co., D.C. 292 F. 883, 897.

In London v. Everett H. Dunbar Corporation, 179 F. 506, the Circuit Court of Appeals for the First Circuit discussed this statute and the essential elements of the alleged offense, as follows, pages 509, 510:

"Of course it does not follow from the fact that the article was unpatented, that there was necessarily a purpose to deceive the public in marking it patented. The purpose to deceive the public is an essential element of the offense, and the burden is upon the plaintiff to establish this purpose, as well as the fact that the article is unpatented. The statute does not extend to one who has an honest, though mistaken, belief that upon a proper construction of the patent it covers the article which he marks. The question of guilt does not depend upon such close or exact construction of the patent as is usual upon bills for infringement where the issue is as to the extent of a patentee's right under letters patent. * * *"

"But, though the article was without the terms of the patent, the question of the defendant's good faith in assuming it to be within the patent was a question of fact for the jury. There was not so great a difference between the device of the patent and the article marked as to require the court to rule that no reasonable man could have entertained an opinion that the article marked was covered by the Dunbar patent, and it was for the jury to determine whether the article was marked for the purpose of deceiving the public."

On the argument it was admitted that the plaintiff, Morton Zuckerman, is an attorney and that in bringing this suit he is only a "dummy" for certain of defendants' competitors in the brassiere manufacturing business. Two of the exhibits referred to in the affidavit of plaintiff's attorney as being manufactured according to Israel Pilot's patent, are brassieres manufactured by a competitor, Snug-Fit Foundations, Inc., and are involved in a patent infringement suit instituted by Israel Pilot against that corporation. The question naturally arises as to the circumstances under which this present action was brought and the real purposes of this action. Counsel for plain-

480

tiff in his brief contends that litigation of this character should be encouraged and that there should be more of it. But that is not the view taken in Taft v. Stephens Lith. & Eng. Co., C.C., 38 F. 28, 29, where it was said that "courts will never strain a point to make his (the informer's) labors light, or his recovery easy."

Plaintiff's counsel states in his brief: "The statute gives any person the right to bring the action and inquiry as to the underlying motive in bringing the action is wholly academic and immaterial." That is partly true. Newgold v. American Electrical Novelty & Mfg. Co., D.C., 108 F. 341, 344. Although the statute does not include any ban against a lawyer becoming an informer and bringing a suit such as this, I do not believe that Congress ever expected that the legal profession would indulge in these practices. At any rate, since counsel has advanced the point it should not go unanswered. In my opinion no lawyer should permit himself to be used as a "dummy" plaintiff, while the real plaintiffs, competitors of the defendants, hide their identity. Suits of this kind for large penalties, instigated by competitors, may easily become coercive.

Plaintiff's motion for summary judgment is denied. Submit order on notice.