**FOREST R. ETLING, Inc., v. WEATHER-SEAL, Inc.**

**Civ. No. 22437.**

District Court, N. D. Ohio, E. D.

Oct. 25, 1944.

Charles F. Schnee and Scott A. Belden (of Schnee, Grimm & Belden), both of Akron, Ohio, for plaintiff.

A. L. Ely and Bernard C. Frye (of Ely & Frye), both of Akron, Ohio, and Bruce W. Bierce (of Brouse, McDowell, May & Bierce), of Akron, Ohio, for defendant.

JONES, District Judge.

The complaint in this case alleges a cause of action under Title 35, Section 50, U.S.C., 35 U.S.C.A. § 50, for falsely marking a supplemental window sash (storm window) with patent markings. The defendant, by motion to dismiss, challenges the capacity of a corporation as plaintiff to bring an action under this statute. The action is in the nature of an informer suit for the recovery of a penalty to be divided equally between the informer and the United States. No case has been found under this section which was not by a plaintiff persona est homo. It seems, therefore, necessary to decide whether the word "person" as found in the applicable part of Section 50 includes a corporation. The applicable part is as follows: "One-half of said penalty to the *person who shall sue for the same.*"

This suit is not for compensation for injuries or for damages but is for a penalty, a part of which is a reward to the informer. A corporation, not being a natural person, could inform and bring suit only through its legal representatives. The act of obtaining information and informing by reason of its nature is one which can only be performed by a natural person. The reward provided by the statute arises from this personal act. If a corporation could bring the suit and claim a share of the penalty, the reward would go to the stockholders who performed no services and had no personal part in securing the information or filing the suit. Such, in my opinion, is not the intent of the statute.

I think that informer suits such as this, by reason of their nature, contemplate that the plaintiff must be a natural person. This forecloses the right of a corporation to bring the suit. Considering the charac-

270

ter of the case, the Court is unwilling further to extend the meaning of the word "person", as used in the statute, to include corporations.

The motion to dismiss is granted.