**CALDERWOOD v. MANSFIELD et al.**

No. 26195–G.

District Court, N. D. California, S. D.

April 22, 1947.

Hancock, Rothert & Low and Harlow P. Rothert, all of San Francisco, Cal., for plaintiff.

Boyken, Mohler & Beckley, A. W. Boyken, W. Bruce Beckley, and Edgar C. Levey, all of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

This is a qui tam action to recover the penalties prescribed by R. S. 4901, 35 U.S. C.A. § 50. By the statute, which is derived from the Act of July 8, 1870, 16 Stat. 203, penalties are imposed upon any person "who, in any manner, marks upon or affixes to any unpatented article the word 'patent,' * * * for the purpose of deceiving the

public" and one-half of the penalties imposed may be awarded to the informer who successfully prosecutes an action for the recovery thereof.

■ The nature of this action is penal. Although it may be brought by an informer or on behalf of the United States, injury to private interest is not pertinent. Newgold v. American Electrical Novelty & Mfg. Co., D. C., 108 F. 341. See Winner v. United States, 7 Cir., 33 F.2d 507, to the effect that the violation of 35 U.S.C.A. § 50 is an offense against the United States.

Plaintiff, a stenographer employed in the office of the attorneys for plaintiff, filed the complaint herein, admittedly at the instance of and for the benefit of a competitor of defendants.[1] The complaint charged defendants with causing certain metal watch wrist bands to be marked "Des. Pat. 139596" despite the fact that such wrist bands were not covered by the said patent. However, it is not disputed that such defendants as owners or licensees of the patent were lawfully entitled to make proper use of the patent as a marking. Recovery of the prescribed penalty of $100 for each offense was sought.

At the trial the evidence presented by plaintiff disclosed that many thousands of a certain type of watch wrist band manufactured by certain of the defendants were marked as alleged. Design Patent #139596 with its included drawings and specifications was introduced in evidence as well as samples of the wrist bands manufactured by defendants. Comparison of the patent design with the manufactured bands discloses some differences. Defendants' competitor, the real party plaintiff, manufactured a similar type of wrist band for which patent application was pending. At the close of plaintiff's case, defendants moved to dismiss for insufficiency of the evidence. The realities of the case, as developed by the testimony, disclose a competitor controversy between the real party plaintiff and defendants. But it is a controversy determinable in orthodox patent litigation or within the area of unfair competition.

The validity of the design patent is not in issue, nor is our equity jurisdiction invoked to restrain alleged infringement or for damages for infringement.

■ Assuming the differences between the patent design and the manufactured wrist band to be substantial,[2] such differences cannot give rise to a cause of action under 35 U.S.C.A. § 50, unless they prove to be in furtherance of a "purpose of deceiving the public."

While the informer statute, under which this cause is prosecuted, is included in the part of the code, entitled "Patents," as already pointed out, it is penal. As in the case of other informer statutes, rewards are offered as a matter of public policy to accomplish outlawing of fraudulent and illegal acts to the public detriment.[3]

■ True, it does appear that the defendants and the real party plaintiff are vis-a-vis as to the validity of their respective claims of patent. But if the real party plaintiff is right and defendants are wrong, the processes of patent litigation will provide the remedy. Certainly the informer statute cannot be invoked as a short-cut remedy to settle a not unusual patent controversy.

■ In my opinion there is no substantial evidence tending to prove a violation

---

[1] See Zuckerman v. Pilot, D.C.S.D.N. Y., 71 F.Supp. 478, as to the propriety of attorneys bringing such actions.

[2] In fact the differences are insubstantial, although in appropriate patent litigation or in the patent office, there might be room for a difference of opinion in that regard. However I am not required to decide such a technical issue in this cause.

[3] See the following statutes awarding compensation to informers: Title 19 U.S. C.A. § 1619, re violations of Navigation or customs laws; Title 8 U.S.C.A. § 139, re illegal importation of contract laborers; Title 18 U.S.C.A. § 23, re arming vessels for hostile use against powers friendly to United States; Title 25 U.S.C.A. § 201, re actions for recovery of penalties accruing under federal statutes relating to Indians; Title 21 U.S.C.A. § 199, re violations of United States Narcotic laws resulting in seizure of contraband narcotics; Title 31 U.S.C.A. § 155, re illegal engagement by United States Treasurer in prohibited activities; Title 31 U.S.C.A. § 232, re making false claims against the United States.

**482**

of 35 U.S.C.A. § 50. Essential to such proof is evidence that defendants marked their products with the intention of deceiving the public. Connecticut Telephone & Electric Co. v. Automotive Equipment Co. D. C., 14 F.2d 957, affirmed, 3 Cir., 19 F.2d 990. Where, as here, it appears affirmatively that defendants affixed the patent marking under. claim of right not palpably colorable nor asserted in patent bad faith, there is lacking sufficient evidence of intent to deceive.

Obviously the statutory object is to penalize those who would palm off upon the public unpatented articles, by falsely and fraudulently representing them to have been patented. Not the slightest evidence of such purpose or intent is here present.

The motion to dismiss is granted. Findings and judgment will be prepared in accordance with the Rules.