**JULIAN B. SLEVIN COMPANY, Inc.,**
a corporation,
and
**Julian B. Slevin, Jr.,**
v.
**The BARTGIS BROTHERS COMPANY,**
a corporation.
**Civ. No. 8040.**

United States District Court
D. Maryland, Civil Division.
June 28, 1956.

John W. Avirett, 2d, Baltimore, Md., Henry N. Paul, Jr., John F. A. Earley, Jr., Paul & Paul, A. Arthur Miller and Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiffs.

Daniel B. Leonard and Bowie, Burke & Leonard, Baltimore, Md., Leslie B. Young, Stanton T. Lawrence, Jr., and Pennie, Edmonds, Morton, Barrows & Taylor, New York City, for defendant.

THOMSEN, Chief Judge.

This is a typical patent suit in which plaintiffs claim that defendant is infringing plaintiffs' patent by making, using and selling bottle carriers embodying the patented invention, and defendant raises the issues of validity and infringement. More than a year after answering, defendant now moves for leave to amend its answer by adding thereto a counterclaim. The proposed counterclaim is an informer action under 35 U.S.C.A. § 292; it charges plaintiffs with false marking, and asks the court (1) to assess against plaintiffs the statutory fine for each offense found to have been committed, (2) to enjoin further false marking by plaintiffs, (3) to enter judgment in favor of defendant for half the total fine assessed and in favor of the United States for the other half, and (4, 5) to award defendant costs, attorneys' fees, and other and further relief.

At the hearing on the motion the parties agreed that if leave to amend the answer and file the counterclaim were granted, plaintiffs would file a motion to dismiss, and argument was heard on both the pending and the proposed motions.

Subdivisions (e) and (f) of Rule 13, Fed.Rules Civ.Proc., 28 U.S.C., provide:

"(e) *Counterclaim Maturing or Acquired After Pleading.* A claim which either matured or was acquired by the pleader after serving his pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading."

"(f) *Omitted Counterclaim.* When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment."

It is not alleged that the counterclaim matured or was acquired after the answer was served. Counsel for defendant states that his client did not know of the alleged false marking at the time the answer was served, but that counsel learned of it while preparing to take some depositions four months or more before the motion to set up the counterclaim was filed. The question, therefore, is whether the court in its discretion should grant leave to set up the counterclaim at this time.

There is some doubt whether a corporation qualifies as an informer under 35 U.S.C.A. § 292. In Forest R. Etling, Inc., v. Weather-Seal, Inc., D.C.N.D. Ohio, 58 F.Supp. 269, which arose under an earlier act, Judge Jones said:

"'* * * The act of obtaining information and informing by reason of its nature is one which can only be performed by a natural person. The reward provided by the statute arises from this personal act. If a corporation could bring the suit and claim a share of the penalty, the reward would go to the stockholders who performed no services and had no personal part in securing the information or filing the suit. Such, in my opinion, is not the intent of the statute.'"

In Hat-Sweat Manufacturing Co. v. Davis Sewing Machine Co., D.C.S.D. N.Y., 31 F. 294, the plaintiff apparently was a corporation, but it does not appear that the capacity of a corporation to bring the action was questioned.

When those decisions were rendered, 1 U.S.C.A. § 1 read: "In determining the meaning of any Act or resolution of Congress * * * the word 'person' may extend and be applied to partnerships and corporations * * *." Later, in 1948, 1 U.S.C.A. § 1 was amended to read: "In determining the meaning of any Act of Congress, unless the context indicates otherwise— * * * the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals;

* * *" In 1952 the new patent law was adopted, including the false marking section, 35 U.S.C.A. § 292, which now provides: "(b) Any person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States."

But it is not necessary to decide in this case whether the context requires that the word "person", as used in 35 U.S.C.A. § 292(b), be construed not to include a corporation. Nor is it necessary to decide whether that section now permits such a suit to be filed under 28 U.S.C.A. § 1395, wherever the defendant may be found. Cf. 35 U.S.C.A.Appendix, § 50, the old statute, which required that the suit be filed in a district court within whose jurisdiction the offense had been committed. See Pentlarge v. Kirby, D.C.E.D.N.Y., 19 F. 501.

■ Although some of the issues involved in the original suit and in the proposed counterclaim are the same, the counterclaim does not arise out of the transaction or occurrence that is the subject matter of the plaintiffs' claim. It is, therefore, a permissive rather than a compulsory counterclaim. Rule 13(a). There does not appear to be any dispute about that point.

■ A fraudulent purpose or intention to deceive the public is an essential element of the offense charged in the counterclaim. London v. Everett H. Dunbar Corp., 1 Cir., 179 F. 506; Zuckerman v. Pilot, D.C.S.D.N.Y., 71 F.Supp. 478; Calderwood v. Mansfield, D.C.N.D. Cal., 71 F.Supp. 480. The decision of this question would probably require a considerable amount of evidence not necessary to decide the issues now involved in the case. On the other hand, the decision of the existing issues may end the controversy.

At the hearing on the pending motion plaintiffs offered in evidence, without objection, excerpts from the testimony of Walter F. Daley, taken in New York City on May 23, 1956, in which he stated that he is the person in defendant's organization in charge of the defense of this case, that he is as familiar with the counterclaim as anyone, and that it was filed under advice of counsel and not at the instance of anyone in defendant's organization. Counsel for defendant stated that he himself learned about the alleged false marking while preparing the defense of the pending suit, and told his client about it. In Zuckerman v. Pilot, supra, Judge Leibell questioned the propriety of an attorney bringing an informer action in his own name where the circumstances indicate that the action is in reality an attempt by one competitor to retaliate against another as a counter measure to an action for patent infringement. See also Calderwood v. Mansfield, supra.

■ The proposed counterclaim is in the name of the corporation, not the lawyer, but if it were finally held that the corporation had no right to file the counterclaim, the decision would not be a bar to a similar action against plaintiffs by any individual. Under all the circumstances, I conclude that the motion to amend the answer should be denied. It is so ordered.