**INTERNATIONAL ENVIRONMENTAL DYNAMICS, INC., a Delaware Corporation, Plaintiff-Appellee,**

v.

**R. Lee FRASER, an individual, and doing business as Diversified Engineering Co., Defendant-Appellant.**

**No. 79–4560.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1981.

Decided June 5, 1981.

Rehearing and Rehearing En Banc Denied July 31, 1981.

R. Lee Fraser, pro se.

William Michael Hynes, San Francisco, Cal., for plaintiff-appellee.

Before DUNIWAY and GOODWIN, Circuit Judges, and PALMIERI,* District Judge.

## PER CURIAM.

The appellant R. Lee Fraser, an inventor, appearing *pro se*, appeals from an adverse judgment in a patent declaratory judgment action (28 U.S.C. § 2201) which has had a long history in the District Court in San Francisco. Final judgment was entered on July 31, 1979.

## THE FRASER PATENT

The patent underlying this litigation described a method of building construction by use of a "central, substantially large, single cylindrical core from the ground" around which "annular" floors were constructed at ground level and then hoisted one by one into position beginning at the top of the core. Plaintiff's accused buildings were essentially different in their plan of construction as they involved two cores, each of them rectangular in shape.

## FRASER'S PRIOR LAWSUITS

Despite the general reluctance of the courts to grant summary judgment in patent cases, Fraser lost his claims of infringement both in *Fraser v. Continental Realty Corporation*, 356 F.Supp. 704 (S.D.W.Va. 1972), *aff'd*, 474 F.2d 1341, 179 U.S.P.Q. 3 (4th Cir. 1973), *cert. denied*, 414 U.S. 1003, 94 S.Ct. 359, 38 L.Ed.2d 239 (1973) and in *Fraser v. City of San Antonio*, 430 F.2d 1218 (5th Cir. 1970) by summary adjudications. Both courts held that his patent claim involved a single, central core structure that could neither be applied to a tower 622 feet tall with a 70 foot tophouse perched within 17 feet of the pinnacle (as in the *San Antonio* case), nor to a building having two cores, rectangular in shape and spaced apart (as in the *Continental Realty* case).

\* Honorable Edmund L. Palmieri, Senior United States District Judge, Southern District of New York, sitting by designation.

## THE FACTUAL BACKGROUND AND THE EARLY STAGES OF THIS LITIGATION

The plaintiff, a Delaware corporation (I.E.D.), was engaged in 1971 in the construction of two high-rise buildings in the Northern District of California, one in Mountain View and one in San Jose. In August 1972, Fraser, a resident of Tennessee, filed two "affidavits of claim" in the Santa Clara County Recorder's Office alleging that plaintiff and others were by their method of construction misusing and infringing a patent (U.S. Patent No. 3260028) issued to him in 1966. He demanded actual and punitive damages. The filing of these claims effectively jeopardized continued construction by I.E.D., which filed this suit in 1972 in the Northern District of California for a declaratory judgment of patent non-infringement and invalidity as well as injunctive relief. Judge George B. Harris found that Fraser's filed claims were causing irreparable damage to I.E.D. by blocking the necessary financing and halting construction. The company financing plaintiff construed the claims as forms of attachment and refused to disburse any further funds. By order of Judge Harris, dated August 18, 1972, the claims were expunged from the records of the Recorder's Office, and Fraser was enjoined from filing any further claims in that office based on his patent.

In July 1974 Judge Oliver J. Carter granted partial summary judgment holding Fraser's patent to be non-infringed. The very same issues had been previously adjudged adversely to Fraser in *Fraser v. Continental Realty, supra*. As Judge Carter points out in his opinion the identity of the issues before him and those in the *Continental Realty* case compelled a ruling adverse to Fraser under the principle of collateral estoppel. *Cf. Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971) (patent invalidity). The

district court in *Continental Realty* as well as Judge Carter also disposed of Fraser's argument, substantially repeated on this appeal, based upon the doctrine of equivalents. Fraser contends pursuant to this doctrine that since the same basic procedure of construction is used by I.E.D., i. e., a multi-core building with cores of rectangular shape, it should be deemed an infringement of the Fraser patent under that doctrine. See *Continental Realty, supra* at 707. But the history of Fraser's patent applications destroys that argument. Fraser could not secure a patent on the multi-core type of construction because of a prior German patent. In consequence, he amended his claim so as to limit it to a single central core building, and it was only as a result of his narrowing the claim that he secured the patent which underlies this litigation. He cannot now be permitted to expand it. The doctrine of file wrapper estoppel clearly forbids this. A patentee cannot recapture claims he has deliberately surrendered in order to secure a patent. *Graham v. John Deere Co.*, 383 U.S. 1, 33, 86 S.Ct. 684, 701, 15 L.Ed.2d 545 (1966); *Exhibit Supply Co. v. Ace Patents Corp.*, 315 U.S. 126, 136, 62 S.Ct. 513, 518, 86 L.Ed. 736 (1942).

## THE LAST FIVE YEARS OF LITIGATION

The rulings by Judge Harris and Judge Carter did not end the litigation, as Fraser belatedly filed a second amended answer, with the court's permission. References to the Mountain View and San Jose buildings were stricken, but the amended answer contained numerous defenses and counterclaims, including a *qui tam* action for damages amounting to many millions of dollars. It demanded a jury trial. The case was ultimately resolved after Judge William A.

Ingram ordered a separate jury trial pursuant to Fed.R.Civ.P. 42(b) on the sole issue of the validity of Fraser's patent. The jury returned a special verdict finding no material difference between the patent claim in issue and elements of the prior art.

■ In a memorandum decision which closely followed the jury verdict, Judge Ingram held Fraser's building process to be composed of old elements· known to the prior art and consequently unpatentable. This holding permitted Judge Ingram to dispose of nearly all of Fraser's defenses and counterclaims since they were premised upon the validity of the Fraser patent. Finally, the counterclaims of mismarking (35 U.S.C. § 292) were summarily dismissed for lack of sufficient evidence. The district court found that the absence of any intent to deceive the public defeated the mismarking claim. This finding was not clearly erroneous and should be affirmed. See *Mayview Corp. v. Rodstein*, 620 F.2d 1347, 1359 (9th Cir. 1980); *Santa Anita Mfg. Corp. v. Lugash*, 369 F.2d 964, 966 (9th Cir. 1966); *Calderwood v. Mansfield*, 71 F.Supp. 480 (N.D.Cal.1947). See also *Brose v. Sears, Roebuck and Company*, 455 F.2d 763, 769 (5th Cir. 1972).

## CONCLUSION

■ The judgment appealed from is affirmed. It is supported by sufficient evidence and sound precedent.